REED v. OGDEN & MOFFETT.

1. TRIAL—DIRECTED VERDICT.

In disposing of defendant's motions for directed verdict and for judgment *non obstante*, evidence must be viewed most favorably to plaintiff.

2. MOTOR VEHICLES—DUTY TO HAVE LIGHT.

It was duty of truck driver, stopping on highway at night to repair light on trailer, to use reasonable care to prevent danger to others, and said care must be commensurate with obvious conditions, including fog, mist, and darkness.

3. SAME—QUESTION FOR JURY.

Whether truck driver, stopping on highway on dark, foggy, misty night to repair light on trailer, was negligent in failing to warn driver of automobile approaching from rear, causing it to skid into path of automobile going in opposite direction, *held*, under evidence, question for jury.

4. SAME—NEGLIGENCE—PROXIMATE CAUSE—CONCURRENT NEGLIGENCE.

Negligence of truck driver in stopping on highway on dark, foggy, misty night to repair light on trailer without giving warning to driver of automobile approaching from rear, causing it to skid into path of automobile going in opposite direction was proximate cause; and that driver of said car was also negligent would not relieve truck owner from liability, since there may be more than one proximate cause where negligence of two or more is concurrent.

Error to St. Clair; Robertson (William), J. Submitted October 17, 1930. (Docket No. 109, Calendar No. 35,070.) Decided December 2, 1930.

Case by Roderick H. Reed against Ogden & Moffett, a Michigan corporation, for injuries sustained in an automobile accident. From judgment for plaintiff, defendant brings error. Affirmed.

On duty of operator of automobile on highway as to lights, see annotation in 38 L. R. A. (N. S.) 489; 51 L. R. A. (N. S.) 996.

Stopping without lights as negligence toward driver of vehicle proceeding in same direction, see annotation in 24 A. L. R. 510; 47 A. L. R. 706; 62 A. L. R. 972.

*Cady & Pepper,* for plaintiff.

*Mason, Alexander &. McCaslin* and *Stevens T. Mason,* for defendant.

CLARK, J.  Plaintiff suffered personal injuries in a collision of automobiles, on Gratiot road about 15 miles southwest of Port Huron, on March 22, 1929, near 9 o'clock at night, the night being dark, foggy, misty, and the pavement wet. He was riding in a car driven by Piggott. A truck, having what is called a semi-trailer, owned by defendant, Ogden & Moffett, a corporation, and driven in a northerly direction by its employee Curtis, had stopped because the rear lights (Act No. 318, Pub. Acts 1927) on the trailer had gone out, of which Curtis was informed by a device in the cab. The truck occupied its right or the easterly portion of the pavement. Curtis, according to plaintiff's testimony, was engaged between truck and trailer in repairing the lights, and the truck had been stopped several minutes when James, driving an automobile northerly, approached the truck. He did not see it in time to stop. His application of brakes resulted in his car skidding into the path of the car in which plaintiff was riding, coming from the north, and the collision followed.

Plaintiff's evidence is that at the time James first saw the truck it had no lights on the rear of its trailer. Defendant had testimony that light or lights were then on the rear of the trailer. There is evidence that Curtis had a flashlight and that a lantern was carried on the truck. Curtis testified that when he saw James' car approaching he went behind the trailer and used the flashlight as a warning, which testimony is contradicted by James. Curtis was alone on the truck. A farmer living near the place came a moment after the crash.

The judge, in his charge, recognized the duty of defendant to have proper lights on the truck and its right to stop the truck for the purpose of making necessary repairs (section 1, title 1, Act No. 318, Pub. Acts 1927) and he instructed that if defendant was not "otherwise guilty of negligence" it was not liable to plaintiff in the action.

Plaintiff began suit against both Ogden & Moffett and James, but, being unable to get service on James, residing in Canada, he proceeded against Ogden & Moffett alone and had verdict and judgment. Defendant brings error.

By motion to direct verdict and for judgment *non obstante,* which were denied, defendant raised the question that there was no evidence of negligence on its part proximately causing plaintiff's injuries, on which question evidence must be viewed most favorably to plaintiff. So viewed, it appears that Curtis went between the truck and the semi-trailer to repair lights, that he was so engaged for several minutes, that the rear end of the trailer was then without lights, that the night was dark, foggy, and misty, that he took no precaution to warn other travelers of the danger, and that he had a lantern and a flashlight at least one of which might have been used for the purpose.

Granting that, under the facts of the case, Curtis might stop when and where he did to make the necessary repairs to the lights, was he otherwise negligent? Under the facts stated, did he exercise due care?

By use of the means at hand, Curtis could have given warning and taken precaution for the protection of others using the highway. He failed in this regard, according to plaintiff's testimony. It was his duty to use reasonable care, that the truck-

trailer, so stopped in the highway, did not constitute a source of danger to other users of the highway. 42 C. J. p. 1007. Reasonable care must be commensurate with obvious conditions, including the fog, mist, and darkness.

The question of whether defendant was negligent in this regard was for the jury.

In *Seibert* v. *Goldstein Co.,* 99 N. J. Law, 200 (122 Atl. 821), plaintiff's truck ran into the rear of defendant's truck which was stopped on the highway without proper rear light, at night and in a violent snowstorm, and, although defendant's driver had an assistant riding with him and the truck had been stopped for about five minutes before the collision, neither the driver nor his assistant went back to warn, by use of light or otherwise, the drivers of other vehicles of the obstruction on the highway, held, that the question of whether defendant was negligent was properly left to the jury.

In *Empey* v. *Thurston,* 58 Ont. L. R. 168, plaintiff's car was stopped on the highway at night, and it was said of plaintiff and those with him:

"Not one of them took, or was ordered or asked to take, the obvious precaution of going back a sufficient distance to have warned on-coming car-drivers of the double danger, to them and to this party.

"More than ordinary precautions were obviously needed. The fog, it is common knowledge, is often deceiving as to sight and sound, as well as obscuring to the view to the point of obliteration, even at short distances, sometimes."

See *Kastler* v. *Tures,* 191 Wis. 120 (210 N. W. 415); *Martin* v. *Oregon Stages, Inc.,* 129 Ore. 435 (277 Pac. 291); *Hewitt* v. *Green* (Tex. Civ. App.), 28 S. W. (2d) 892; 42 C. J. p. 1007; *Hanser* v. *Youngs,* 212 Mich. 508; 1 Blashfield, Cyc. of Auto-

mobile Law, p. 560; 1 Berry on Automobiles (6th Ed.), § 255.

It is urged that defendant's negligence was not the proximate cause of plaintiff's injuries, as the car in which he rode collided with James' car, not with defendant's truck. That James was negligent we need not discuss. Assuming that he was, and that the accident would not have happened but for his negligence, it is clear that defendant's negligence was also a proximate cause; the two were co-operating and concurrent.

In 2 Blashfield, Cyc. of Automobile Law, pp. 1204, 1205, it is said:

"There may be more than one proximate cause for the same injury, and the mere fact that some other cause co-operates with the negligence of the defendant to produce the injury for which suit is brought does not relieve him from liability.    *    *    *

"Under the principle stated in the foregoing section, if the negligence of defendant is one of the proximate causes of the injury of which plaintiff complains, he cannot escape liability by showing that the negligence of a third person also contributed to the injury, and that the accident would not have happened but for such negligence of the third person."

The holding in *Knight* v. *Wessler*, 67 Utah, 354 (248 Pac. 132), is thus stated in the text of Berry on Automobiles (6th Ed.), § 1008:

"Where defendant left an unlighted truck at the side of a highway at night, in violation of statute, which caused the driver of a car, moving at excessive speed, to suddenly turn to avoid striking the truck, and which caused his car to collide with plaintiff's car, it was held that defendant's negligence

was a proximate cause of plaintiff's injury, and judgment for plaintiff was affirmed."

This disposes of the questions presented. Judgment affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.