CAMP *v.* WILSON.

1. Motor Vehicles—Negligence—Control of Disabled Truck Standing on Highway—Tail Light.

Whether, after repairmen arrived, disabled truck standing on highway was in their control rather than in control of driver, who remained by truck while repairmen went back to garage to have some work done, *held,* question for jury, under circumstances.

2. Negligence—Proximate Cause—Concurrent Negligence.

If plaintiff's injury would not have occurred but for defendant's negligence, said negligence may be said to have been a proximate cause of plaintiff's injury, although third party may have been guilty of concurrent negligence; it not being necessary for defendant's negligence to have been sole cause of plaintiff's injury.

3. Motor Vehicles—Duty of Driver of Disabled Truck.

It was duty of driver of disabled truck to use reasonable care that it did not constitute source of danger to other users of highway.

4. Same—Negligence—Failure to Light Disabled Truck.

Negligence and liability of driver for failure to have tail light on disabled truck standing on highway after dark, causing driver of another truck suddenly to turn off highway on discovering that it was standing and to strike plaintiff sitting 15 feet off traveled portion of highway, *held,* for jury.

5. Same—Contributory Negligence.

Plaintiff sitting 15 feet off traveled portion of highway, who was struck and injured by truck suddenly turning off highway to avoid striking unlighted truck standing on highway after dark, *held,* not guilty of contributory negligence.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 7, 1932. (Docket No. 67, Calendar No. 36,139.) Decided April 4, 1932. Rehearing denied June 23, 1932.

As to concurrent negligence of two responsible persons, see annotation in 17 L. R. A. 33.

As to stopping car without rear lights in highway, see annotation in 24 A. L. R. 510; 47 A. L. R. 706; 62 A. L. R. 972.

Case by James Camp against Woodrow Wilson, Carl Hunt, and Decker-Moore, Inc., for personal injuries alleged to be due to defendants' negligence. Judgment for plaintiff against defendants Wilson and Hunt. Defendant Hunt appeals. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Dale Souter* (*Fred N. Searl,* of counsel), for defendant Hunt.

POTTER, J. Plaintiff sued defendants to recover damages claimed to have been sustained by reason of being struck by an automobile driven by defendant Woodrow Wilson. Plaintiff was a farmer living on highway U. S. 31, north of South Haven. Defendant Carl Hunt was the owner of a Chevrolet truck being used at the time of plaintiff's injury by his brother Wilbur Hunt in hauling peaches. The injury to plaintiff occurred September 10, 1930. Wilbur Hunt was driving this truck south on highway U. S. 31, and when the truck was near plaintiff's house on the highway, loaded with 150 bushels of peaches, its rear axle broke and the right rear wheel fell off. The truck was stopped on the right side of the pavement about five o'clock in the afternoon when it was still light. The driver of the truck, Wilbur Hunt, got a ride into South Haven and went to the Chevrolet garage of Decker-Moore, Inc., to get them to repair the truck. Their employees went out to where the truck was standing, and found it was necessary to pull the bearing from the broken axle. This could not be readily done on the highway, and one of Decker-Moore's men took the axle to South Haven in order to pull the bearing, the other

men remaining near the truck. While the truck sat on the highway it got dark. Plaintiff crossed the highway from his home to talk with the men about the truck. He sat on the edge of the highway about 15 feet off the wrought or traveled portion of the road. No tail light was on the standing truck. No warning lights or other signals indicated the truck was standing on the highway. It had green rear lights. Defendant Wilson testified, and it was not disputed, he was driving a Buick truck south on U. S. 31; it was dark and foggy in streaks; he saw the standing truck and two green lights when some distance away, but thought the truck was moving, and did not discover it was standing still until he was within about 15 feet from it. He intended to pass the truck on the left-hand side, but, when too near the truck to stop, he discovered other automobiles coming toward him, making it impossible for him to pass on the left side of the truck, so he turned out to the right, off the traveled portion of the road, ran over the plaintiff, brushed a telephone pole, came back into the highway, and stopped. There was judgment for plaintiff against the defendants Wilson and Hunt. We think there is no doubt about the liability of Wilson. He has not appealed. The important question is whether or not plaintiff was entitled to a judgment against defendant Hunt.

Defendant Hunt claims that after the accident, and after the men working for Decker-Moore, Inc., came out, the truck was under their charge, that they were independent contractors, and he is not liable for what they did or failed to do. The proofs, however, show this truck remained on the highway after it broke down; that after going to the garage of Decker-Moore, Inc., Wilbur Hunt came back to where the truck was standing to watch over it, to

look after it, and that he lighted the lights on it, and, after it got dark, had he thought it necessary, he could have used a flashlight, which he had, to warn persons of the danger arising from the truck being left standing on the highway without a tail light. We think the testimony was sufficient to carry the question of his control of the truck to the jury.

Defendants' claim is that, if Hunt was negligent, such negligence must have been the proximate cause of the injury to plaintiff before there can be recovery. There is much discussion in the books of the question of proximate cause. As said in *Stoll* v. *Laubengayer*, 174 Mich. 701:

"No general or authoritative definition has been evolved."

Many authorities are discussed in that case. They are of but little assistance. If plaintiff's injury would not have occurred but for the negligence of defendant Hunt, then Hunt's negligence may be said to have been a proximate cause of plaintiff's injury. It is not necessary for Hunt's negligence to have been the sole cause of plaintiff's injury.

"Where an injury is the combined result of the negligence of the defendant, and an accident for which neither the plaintiff nor the defendant is responsible, the defendant must pay damages, unless the injury would have happened if he had not been negligent." *Jaworski* v. *Detroit Edison Co.*, 210 Mich. 317, quoting from 1 Thompson on Negligence (2d Ed.), § 68.

"If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen

and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury." *Tozer* v. *Railroad Co.*, 195 Mich. 662, 666.

"It is elementary that where injury results from the concurrent negligence of two or more, each proximately contributing to the result, recovery may be had against one or more, although but one satisfaction may be had." *Banzhof* v. *Roche*, 228 Mich. 36, 41.

"There may be more than one proximate cause for the same injury, and the mere fact that some other cause co-operates with the negligence of the defendant to produce the injury for which suit is brought does not relieve him from liability." 2 Blashfield, Cyc. of Automobile Law, p. 1204.

See, also, *Reed* v. *Ogden & Moffett*, 252 Mich. 362.

It was the duty of Hunt to use reasonable care that the truck which he had been driving, so stopped in the highway, did not constitute a source of danger to other users of the highway. 42 C. J. p. 1007; *Reed* v. *Ogden & Moffett, supra.*

In *Empey* v. *Thurston,* 58 Ont. L. R. 168, 174 (1 D. L. R. [1926] 289), where a motor car was stopped on the road at night, it was held it was the duty of those in charge of it to use more than ordinary precautions to warn oncoming drivers of other motor vehicles.

In *Seibert* v. *A. Goldstein Co.,* 99 N. J. Law, 200 (122 Atl. 821), where a truck was stopped on the highway without proper rear lights, at night, in a snowstorm, and no one went back to warn, by the use of a light or otherwise, the drivers of other vehicles of the obstruction on the highway, it was held the question of negligence was for the jury.

In *Knight* v. *Wessler,* 67 Utah, 354 (248 Pac. 132), where defendant left an unlighted truck at the side of the highway at night, which caused the driver of an automobile to suddenly turn to avoid striking it, which caused his car to collide with plaintiff's car, defendant's negligence was held to be the proximate cause of plaintiff's injury.

In *Reed* v. *Ogden & Moffett, supra,* the cases above referred to were cited with approval, and the owners of a truck standing on the highway at night without proper rear lights when it was dark and foggy were held liable for injuries caused by the driver of an automobile putting on his brakes to avoid hitting the truck, as a result of which his car skidded and hit plaintiff's car, resulting in injury and the damages complained of.

Under the circumstances, we think there was sufficient testimony to make the question of Hunt's negligence and liability a question for the jury. Plaintiff was not guilty of contributory negligence. He was where he had a right to be, and he was not bound to anticipate he would be run over by a motor truck driving off the pavement 15 feet on the right-hand side of the wrought or traveled portion of the highway. Judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.