BORDNER *v.* MCKERNAN.

1. CARRIERS — TAXICABS — AUTOMOBILES — PASSENGERS — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   Whether or not plaintiff, a passenger in a taxicab, was guilty of contributory negligence in remaining in taxicab in the nighttime in the middle of a street in a sparsely settled part of city in which he was a stranger after it had collided with one vehicle *held*, a question of fact for jury in action against owner of taxicab, its operator, and owner of third car which thereafter collided with the taxicab.

2. SAME—PASSENGERS—TAXICABS.

   The relation of passenger and carrier continues in the operation of a taxicab until a journey is concluded.

3. SAME—TAXICABS—DUTY OF CARE TOWARD PASSENGERS.

   As a common carrier the operator of a taxicab owes his passenger a high degree of care, care proportionate to the nature and risk of the undertaking in view of the means of conveyance employed.

4. SAME—LEAVING UNLIGHTED TAXICAB IN MIDDLE OF STREET—NEGLIGENCE—QUESTION OF FACT.

   Whether or not owner and operator of taxicab exercised the high degree of care required of them in leaving an unlighted taxicab standing in the nighttime in the middle of the street with the passenger inside *held*, a question of fact in passenger's action for injuries sustained when a car ran into the taxicab about a minute and a half after operator had left it following a previous accident.

5. NEGLIGENCE—PROXIMATE CAUSE.

   There may be more than one proximate cause of the same injury.

6. SAME—CONCURRENT NEGLIGENCE—TWO PROXIMATE CAUSES.

   Although plaintiff taxicab passenger's injuries would not have resulted without the negligence of motorist who ran into unlighted taxicab while it was standing in the nighttime in the

---

Contributory negligence and functions of court and jury, see 2 Restatement, Torts, §§ 475, 476.

Concurrent negligence, see 2 Restatement, Torts, § 432.

Intervening negligent acts affecting liability for negligence, see 2 Restatement, Torts, § 439, 447.

middle of the street at a lighted intersection, the negligence of the taxicab operator in so leaving it may also be found to have been a proximate cause that was concurrently operative.

7. AUTOMOBILES—TAXICABS—PASSENGERS—VERDICTS—GREAT WEIGHT OF EVIDENCE.

In action against taxicab owner, its operator, and a motorist whose car collided with unlighted taxicab as it stood in the nighttime in middle of street at a lighted intersection, verdict against all three defendants *held*, not against the great weight of the evidence on the appeal of the taxicab owner and operator.

Appeal from Wayne; Cotter (Thomas M.), J., presiding. Submitted June 5, 1940. (Docket No. 30, Calendar No. 41,070.) Decided September 6, 1940.

Case by Clyde Bordner against A. G. McKernan, Lawrence E. Bentley, and Robert Quinn for damages for personal injuries sustained in a motor vehicle collision. Verdict and judgment for plaintiff. Defendants McKernan and Bentley appeal. Affirmed.

*Payne & Payne* (*Everett D. Crowe,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendants McKernan and Bentley.

McALLISTER, J. Plaintiff, a traveling man and a resident of Ohio, was a passenger for hire in a taxicab owned by defendant McKernan and driven by defendant Bentley. On the way to plaintiff's destination, a hotel in Dearborn, sometime after midnight on December 17, 1936, defendant Bentley, in making a left-hand turn at an intersection, collided with another automobile. Bentley stopped the taxicab in the middle of Warren avenue, facing west, on the streetcar tracks, and went back to inspect the damage to the other car. Plaintiff remained in the taxicab during a period of approximately one and one-half minutes, when an automobile driven by de-

fendant Quinn, proceeding easterly on Warren avenue, crashed into the taxicab, resulting in injuries to plaintiff, for which he brought suit. On trial a jury awarded plaintiff a verdict in the amount of $2,500 against defendants Quinn, Bentley, and McKernan. McKernan and Bentley appealed, claiming that there was no proof of negligence on their part and that, if it be found that such negligence existed, plaintiff was guilty of contributory negligence.

It is contended that the sole cause of the collision was the negligence of defendant Quinn in running into the taxicab. It appears that there were street lights near the scene of the accident, and it was claimed that Quinn could have seen the taxicab ahead. Quinn testified that he did not see the taxicab until he was within approximately 40 feet, for the reason that he had not been looking, and that he was unable to avoid the collision thereafter because of a number of people standing in the street between the taxicab and the curb. It is further asserted that plaintiff himself was guilty of contributory negligence because of his failure to get out of the taxicab while it was standing in the street.

On the issue of contributory negligence, we are in accord with the determination of the trial court that this was a jury question. Plaintiff was a stranger in the city. The place where defendant Bentley stopped was in a sparsely settled part of the community. It was after midnight. Whether plaintiff acted as a reasonably prudent person in remaining in the cab under the circumstances was a question of fact. In considering the contention of plaintiff's contributory negligence we necessarily, in this case, are bound to consider the duty of defendants Bentley and McKernan to plaintiff. The relation of passenger and carrier continued until

the journey was concluded. 10 C. J. p. 623. As a common carrier, defendant owed plaintiff a duty to exercise a high degree of care, which means care proportionate to the nature and risk of the undertaking in view of the means of conveyance employed. *DeJager* v. *Andringa,* 241 Mich. 474. Did defendants exercise such a high degree of care in leaving an unlighted taxicab standing in the middle of the street with a passenger inside? This was a question of fact.

With regard to the contention that the negligence of Quinn was the sole cause of the accident, it is to be remembered that there may be more than one proximate cause of the same injury. Assuming that Quinn was negligent in running into the taxicab and that the injuries would not have resulted without such negligence, it is clear that Bentley's negligence may also have been a proximate cause, and that the two negligent acts may have been cooperating and concurrent. See *Reed* v. *Ogden & Moffett,* 252 Mich. 362.

Upon a review of the record it is our conclusion that the verdict was not, as claimed, against the great weight of the evidence; and the judgment is, accordingly, affirmed, with costs to plaintiff.

Bushnell, C. J., and Sharpe, Chandler, North, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.