WILES *v.* NEW YORK CENTRAL RAILROAD CO.

1. TRIAL—QUESTION OF FACT—WARNING SIGNALS OF RAILROAD TRAIN'S APPROACH.

While the testimony of a witness present near a railroad crossing but not shown to have been listening or otherwise giving heed and attention to an oncoming train that he did not hear warning signals of its approach given would not present an issue of fact as to whether or not such signals were given if there is positive testimony by another witness that the signals were given, if such positive testimony is not presented, the testimony of the witness would be entitled to consideration by the jury.

2. RAILROADS—AUTOMOBILES—NEGLIGENCE—QUESTION FOR JURY—EVIDENCE.

In action by motorist and wife who were injured after having crossed railroad spur tracks by some 26 feet when they were struck by defendant oncoming motorist who swerved left in avoiding collision with box cars that had been detached from engine and which were being shunted across heavily-traveled highway, evidence showing that only means of controlling box cars was by way of hand brake, no warning-signal equipment was present, no watchman or flagman was at intersection, and brakeman on the first car gave no warning and made no attempt to use the hand brake, *held,* sufficient to present question of railroad's negligence to jury.

3. NEGLIGENCE—PROXIMATE CAUSE—CONCURRENT NEGLIGENCE.

The negligence of two or more defendants may be cooperating and concurrent proximate causes of an accident and resulting injuries.

4. SAME—TWO PROXIMATE CAUSES.

One defendant whose negligence was a proximate cause of plaintiff's injury may not escape liability therefor merely by showing that the negligence of a third party was also a proximate cause, especially where jury apparently found third party was not negligent.

Negligence of defendant causing injury through dependent intervening force, see 2 Restatement, Torts, §§ 443, 447 (c).

5. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITH-
STANDING VERDICT—EVIDENCE.

> On review of denial of defendant's motions for directed verdict
> and for judgment notwithstanding verdict, the testimony must
> be viewed in the light most favorable to plaintiff.

6. RAILROADS—SPUR TRACKS—AUTOMOBILES—CONTRIBUTORY NEGLI-
GENCE.

> In determining the question of contributory negligence of
> motorists while traversing spur railroad track at a grade cross-
> ing, each case depends upon its own circumstances.

7. SAME—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION OF
FACT—COLLISION WITH ANOTHER MOTORIST AFTER CROSSING.

> Plaintiff motorist who was unable to stop before crossing spur
> railroad track servicing a factory because of gravel on the
> pavement and who had crossed track by some 26 feet before
> being struck by defendant motorist traveling in opposite di-
> rection when latter swerved left to avoid collision with de-
> tached, shunted string of four or five box cars may not be
> said to be guilty of contributory negligence as a matter of
> law, his contributory negligence being a question of fact.

8. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—IN-
STRUCTIONS.

> Instructions to jury that to defeat recovery plaintiff motorist's
> contributory negligence must have caused the accident and
> which also indicated that if defendant railroad's negligence
> was the proximate cause of the injuries. then motorist's con-
> tributory negligence would not bar recovery *held,* reversible
> error.

9. SAME—PROXIMATE CAUSE.

> Though plaintiff's negligence may not be the sole proximate
> cause, it is contributory negligence if it contributes to the
> cause.

10. SAME—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

> Contributory negligence is negligence of plaintiff which operates
> with negligence of defendant in producing injury; plaintiff's
> negligence combined with defendant's negligence being proxi-
> mate cause of injury.

11. SAME—CONTRIBUTORY NEGLIGENCE.

> Contributory negligence of plaintiff necessarily implies negli-
> gence on part of defendant; theory being that defendant's
> negligence causes injury, and plaintiff's negligence contributes
> to it.

12. TRIAL—ERRONEOUS INSTRUCTION—CURING ERROR—CONTRIBUTORY NEGLIGENCE.

Prejudicial effect of clearly erroneous instruction as to contributory negligence was not cured by other portions of charge correctly stating the law relative to contributory negligence.

13. NEGLIGENCE—INSTRUCTION—COMPARATIVE NEGLIGENCE.

Instruction in action arising from claimed negligence on the part of defendants that in effect directed jury to apply the rule of comparative negligence was clearly erroneous and an improper statement of the law since the rule of comparative negligence is not recognized in this State.

14. RAILROADS—HIGHWAY CROSSING—INSTRUCTIONS—CARE REQUIRED.

Instruction in action arising out of alleged negligent operation of short string of box cars by defendant railroad that defendant company owed "duty of operating its cars in such a manner as to insure the safety of the public using the highway" crossing spur track at grade was reversible error since a railroad is not an insurer of the safety of the public using the highways.

Appeal from Recorder's Court for the city of Detroit; Skillman (W. McKay), J. Submitted April 3, 1945. (Docket Nos. 2, 3, Calendar Nos. 42,928, 42,929.) Decided June 4, 1945.

Separate actions of case by Fannie Wiles and Claud Wiles against New York Central Railroad Company, Michigan Central Railroad, and Frank Hunt for personal injuries sustained when the automobile of defendant Hunt collided with the automobile in which plaintiffs were riding. Cases consolidated. Verdicts and judgments against the railroads alone. Defendant railroads appeal. Reversed and new trial granted.

*Paul W. Tara* and *Julian Winterhalter* (*Hull, Brown & Fischer,* of counsel), for plaintiffs.

*William A. Alfs* (*John J. Danhof* and *Russell T. Walker,* of counsel), for defendants.

STARR, C. J.   About 6:15 p.m. on August 22, 1938, plaintiff Claud Wiles, accompanied by his wife, plaintiff Fannie Wiles, was driving west on Greenfield road in the village of Melvindale at a speed of 35 to 40 miles an hour.   At the same time, defendant Frank Hunt was driving east on Greenfield road which was a heavily-traveled, cement-paved highway 20 feet in width.   It was daylight, visibility was good, and the pavement was dry. These cars, going in opposite directions, were approaching a spur track of defendant railroads, which intersected said highway.   The main line of the railroads was located several hundred feet south of the intersection, and the spur track led from the main line across the highway to the plant of the Darling Company, which was located just north of the highway.

Plaintiff Claud Wiles was familiar with the intersection and had driven over it many times. When he was about 50 feet from the spur track, he first saw a string of four or five box cars approaching the intersection from the south at a speed of 12 to 15 miles an hour.   These box cars had been put in motion by a switch engine which had been disconnected, and the cars were proceeding under their own momentum toward the Darling plant. Plaintiff Claud Wiles continued to drive west at about the same speed and safely crossed the track ahead of the box cars.   Defendant Hunt, driving east, saw the box cars approaching the intersection. To avoid a collision with them, he swerved to the north across the highway and collided with plaintiff's car at a point on the north side of the highway about 26 feet west of the spur track.   Plaintiff Claud Wiles was severely injured.   Plaintiff Fannie Wiles sustained severe and permanent injuries.

In September, 1939, Fannie Wiles began suit against Frank Hunt and the railroad companies, and in March, 1941, Claud Wiles began suit against the same defendants. In their declarations plaintiffs alleged that defendant railroads were negligent in shunting uncontrolled box cars across the highway; in operating said cars without air brakes; in failing to give warning of the approach of the cars; and in operating them in a careless and reckless manner. They charged defendant Hunt with negligence in the operation of his automobile. Defendant railroads answered, denying that they were negligent and that plaintiffs were free from contributory negligence. Defendant Hunt answered, denying that he was negligent and alleging in substance that the accident was caused by the negligence of the railroads.

The two cases were consolidated, and upon jury trial defendant Hunt did not appear in person and was not represented by counsel. At the conclusion of plaintiffs' proofs, the railroads moved for directed verdicts on the ground that there was no proof of negligence on their part; that plaintiff Claud Wiles was guilty of contributory negligence as a matter of law, and that his contributory negligence was imputed to plaintiff Fannie Wiles. The trial court reserved decision on such motions, and the railroads rested without offering any proofs. The jury returned verdicts of $20,000 for Fannie Wiles and $5,000 for Claud Wiles against the railroads, and a verdict of no cause of action against Hunt. Motion of the railroads for judgments notwithstanding the verdicts against them was denied, and judgments were entered on the jury verdicts. The motion of the railroads for a new trial was denied, and they appeal, the two cases being con-

solidated. There was no appeal from the judgment for Hunt.

The railroads first contend that there was no evidence establishing negligence on their part. We cannot agree with this contention. They set a string of box cars in motion on a spur track which crossed a heavily-traveled highway. The air, brakes on these cars had been disconnected when they were uncoupled from the locomotive which put them in motion, and the only means of controlling them as they approached the highway was by a hand brake on each car. There was a railroad disc sign located on the north side of the highway 498 feet east of the intersection and a similar sign on the south side of the highway 380 feet west of the intersection. However, there was no warning-signal equipment and no watchman or flagman at the intersection. A brakeman testified that he was riding on top of the first box car approaching the highway, but it appears that he gave no warning and made no attempt to use the hand brake. Witnesses who viewed the box cars crossing the intersection testified that they did not see the brakeman on the car. Plaintiff Claud Wiles and a witness who was driving behind him as he approached the track testified that they did not hear any bell or whistle, and it should be noted there was no testimony that a bell or whistle was sounded. In the absence of proof to the contrary, we believe it may reasonably be inferred that the box cars in question were not equipped with bells or whistles.

Defendants attack the testimony of plaintiff Claud Wiles and his witness that they did not hear a whistle or bell, on the ground that this testimony was purely negative in character and not sufficient to raise a question of negligence for jury consider-

ation. The proper rule on this point was stated in *Hart* v. *Railroad Co.,* 278 Mich. 343, 346, as follows:

"Where the testimony of witnesses on the part of the plaintiff does not show that they were listening or otherwise giving heed and attention to an on-coming train, testimony that they did not hear the signals does not take the case to the jury, *where there is positive testimony by other witnesses * * * that signals were given."* (66 A. L. R. 1538.)

See, also, *Lambert* v. *Railway Co.,* 209 Mich. 107; 2 Wigmore on Evidence (3d Ed.), p. 778, § 664.

In the present case there was no positive testimony that a whistle, bell or other warning signal was sounded and, therefore, the statements of plaintiff Claud Wiles and his witness that they did not hear any signal were entitled to consideration by the jury. In summary, the facts and circumstances shown by the record presented a question of fact for jury determination as to whether or not defendant railroads were negligent in the operation of the box cars on the spur track.

The railroads next contend that there was no evidence establishing that their alleged negligence was the proximate cause of plaintiffs' injuries. They base this contention on the claim that the intervening negligence of defendant Hunt was the proximate cause of said injuries. In this contention defendant railroads overlook the established rule that the negligence of two or more defendants may be cooperating and concurrent proximate causes of an accident and resulting injuries. That is to say, if the railroads were negligent and their negligence continued until the time of the accident, the intervening negligence of defendant Hunt would not relieve them from liability. In the case of *Bordner* v. *McKernan,* 294 Mich. 411, plaintiff Bordner was riding in a

taxicab owned by defendant McKernan and driven by defendant Bentley. The taxicab was involved in an accident, and Bentley stopped it in the middle of the street and went back to inspect the damage to the other car. Plaintiff remained in the cab, and an automobile driven by defendant Quinn crashed into it, injuring plaintiff. In affirming judgment for the plaintiff against all defendants, we said:

"With regard to the contention that the negligence of Quinn was the sole cause of the accident, it is to be remembered that *there may be more than one proximate cause of the same injury.* Assuming that Quinn was negligent in running into the taxicab and that the injuries would not have resulted without such negligence, it is clear that Bentley's negligence may also have been a proximate cause, and that the two negligent acts may have been cooperating and concurrent."

In *Reed* v. *Ogden & Moffett,* 252 Mich. 362, a truck and trailer owned by defendant Ogden & Moffett corporation had been stopped in the nighttime on a highway because the rear lights on the trailer had gone out. Defendant James, driving an automobile, approached the truck, and when he applied his brakes to avoid striking it, his car skidded into the path of the car in which plaintiff was riding and a collision followed. In affirming a judgment for plaintiff, we said (p. 366):

"It is urged that defendant's negligence was not the proximate cause of plaintiff's injuries, as the car in which he rode collided with James' car, not with defendant's truck. That James was negligent we need not discuss. Assuming that he was, and that the accident would not have happened but for his negligence, it is clear that defendant's negligence was also a proximate cause; the two were cooperating and concurrent."

In 4 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), pp. 360–362, §§ 2551, 2552, it- is stated:

"There may be more than one proximate cause for the same injury, and the mere fact that some other cause cooperates with the negligence of the defendant to produce the injury for which suit is brought does _not relieve him from liability. * * *

"Under the principle stated in the foregoing section, if the negligence of defendant is one of the proximate causes of the injury of which plaintiff complains, he cannot escape liability by showing that the negligence of a third person also contributed to the injury, and that the accident would not have happened but for such negligence of the third person."

See, also, *Murphy* v. *Sinen,* 281 Mich. 274; *Camp* v. *Wilson,* 258 Mich. 38; *Banzhof* v. *Roche,* 228 Mich. 36.

Furthermore, under the facts and circumstances shown by the record we cannot say that defendant Hunt was guilty of negligence as a matter of law. The testimony as to the manner in which the railroads shunted the uncontrolled box cars across the intersection without giving warning of their approach, and the testimony relative to the extent that the spur track south of the intersection was obstructed from Hunt's view, clearly presented a question of fact for jury determination as to his negligence. In other words, did defendant Hunt, when approaching the spur track and when swerving to the north to avoid a collision with the box cars, exercise the care and caution which an ordinarily prudent man would have exercised under like circumstances? The jury, by its verdict, apparently determined that Hunt was not negligent. In any event, his negligence would not relieve the rail-

roads from liability if their negligence was also a cooperating and concurrent cause of plaintiffs' injuries.  See *Bordner* v. *McKernan, supra; Reed* v. *Ogden & Moffett, supra.*

The railroads further claim that plaintiff Claud Wiles was guilty of contributory negligence as a matter of law, and that his negligence was imputable to plaintiff Fannie Wiles.  On review of the denial of the railroads' motions for directed verdicts and for judgments *non obstante veredicto,* the testimony must be viewed in the light most favorable to plaintiffs.  *Jones* v. *Railroad Co.,* 303 Mich. 114; *Reed* v. *Ogden & Moffett, supra.*  The question of contributory negligence must in each case be determined from the facts and circumstances presented.  In *Ortynski* v. *Railroad Co.,* 307 Mich. 61, 67, 68, we said:

"Quoting from decisions is of little aid in deciding cases of this nature.  Each must depend upon its own facts and circumstances.  *  *  *  This court has held that contributory negligence is a question of fact for the jury where reasonable opinions may differ as to whether the driver did use the care and caution that an ordinarily prudent man would have used under like circumstances."

See, also, *Reedy* v. *Goodin,* 285 Mich. 614; *Woods* v. *Chalmers Motor Co.,* 207 Mich. 556 (19 N. C. C. A. 932).

In the present case the spur track ended at the Darling plant, immediately north of the highway, and was used only for servicing that plant.  Plaintiff Claud Wiles knew of that limited use and was familiar with the intersection.  His view to the south, from which direction the box cars were approaching, was to some extent obstructed by a house, barn, chicken coop, and trees.  His testimony

indicates that when he was about 50 feet from the intersection, he saw the box cars; that he could not stop because of loose gravel on the pavement; and that he crossed the intersection and was proceeding safely until struck by defendant Hunt's car. Defendants' argument that Claud Wiles was negligent in not stopping as he approached the spur track is met by the evidence that he safely crossed the track ahead of the box cars. The facts and circumstances shown by the record presented a question of fact for jury determination as to whether or not plaintiff driver exercised the care and caution that an ordinarily careful and prudent man would have exercised under like circumstances. The cases cited by defendants on this point involve collisions between vehicles crossing railroad tracks, and the trains or cars operating on the tracks. Such cases are not determinative of the question of contributory negligence in the instant case. Viewing the testimony in the light most favorable to plaintiffs, we cannot say that Claud Wiles was guilty of contributory negligence as a matter of law.

Defendants further claim that the trial court committed prejudicial error in instructing the jury on contributory negligence as follows:

"If the contributory negligence of the plaintiff is such that it contributes to and *causes the accident* which is the basis of the action, such contributory negligence, under law, will defeat a recovery by a person who seeks to recover.   *   *   *

"That is to say, was it contributory negligence. However, in all cases, it does not bar recovery even though the plaintiff was guilty of contributory negligence. That is to say, if the defendants were negligent and that negligence of the defendants was the proximate cause of the accident complained of, that is to say, if the independent intervening cause arose

due to the misconduct or negligence of the defendants, and as a result of which independent cause the accident occurred and the accident could have been avoided by the defendants or an agent of the defendants by the exercise of care and caution towards persons using the highway, then, in that case, the contributory negligence of the plaintiff would not defeat a recovery.   *   *   *

"Even though the plaintiff was or might have been guilty of contributory negligence, if it was negligence of the defendant which was the proximate cause of the injury complained of, then, of course, the plaintiff could recover."

These instructions indicated to the jury that, to defeat recovery, plaintiff driver's contributory negligence must have caused the accident. They also indicated that if the railroads' negligence was the proximate cause of the injuries, plaintiff driver's contributory negligence would not bar recovery. These instructions were not a correct statement of the law of this State and were clearly erroneous and constituted reversible error. In the case of *Rockwell* v. *Railway Co.*, 253 Mich. 144, 150, 151, we said:

"Though plaintiff's negligence may not be the proximate cause, it is contributory negligence if it contributes to the cause. Contributory negligence is negligence of the plaintiff which operates with the negligence of the defendant in producing the injury. Where there is contributory negligence, the plaintiff's negligence combined with the defendant's negligence is the proximate cause of the injury. The negligence of each may be a proximate cause but neither can be the cause or sole cause. Contributory negligence necessarily implies negligence on the part of the defendant. The theory is that the defendant's negligence causes the injury and the plaintiff's negligence contributes to it."

See, also, *Lanier* v. *Railway Co.,* 209 Mich. 302; *Hutton* v. *Railway Co.,* 220 Mich. 1; *Benedict* v. *City of Port Huron,* 124 Mich. 600.

In other portions of his charge the trial court correctly stated the law relative to contributory negligence, but those statements did not cure the prejudicial effect of the above-quoted erroneous instructions.

Defendants also contend that the following instruction was prejudicial and erroneous:

"Where there is contributory negligence on the part of the plaintiff and where there is negligence on the part of the defendant or defendants,  *  *  * it is a question of fact for the jury to determine, that is, the weighing of the plaintiff's negligence against the defendant's negligence. In other words, where there is negligence on the part of the plaintiff and where you find negligence on the part of the defendant, why the negligence on the part of the defendant must be the proximate cause of the accident before the plaintiff is entitled to recover."

This instruction indicated to the jury that they should compare and weigh the negligence of plaintiff Claud Wiles against the negligence of the railroads, and that plaintiffs could recover if his negligence was less than defendants', even though he was guilty of contributory negligence. This instruction was in effect a direction to the jury to apply the rule of comparative negligence. The instruction was clearly erroneous and an improper statement of the law, as we have consistently held that the rule of comparative negligence is not recognized in this State. *Finkler* v. *Zimmer,* 258 Mich. 336; *Lake Shore & M. S. R. Co.* v. *Miller,* 25 Mich. 274.

Defendants further claim that the following instruction was erroneous and constituted prejudicial error:

"The defendant railroad company owes the duty of operating its cars in such a manner as to insure the safety of the public using the highway."

This instruction was not a correct statement of the law, as a railroad is not an insurer of the safety of the public using the highways of the State. *Fish v. Railway,* 275 Mich. 273 (affirmed on rehearing, 275 Mich. 718); *Burt v. Railway Co.,* 262 Mich. 204; *Kelly v. Railroad Co.,* 65 Mich. 186 (8 Am. St. Rep. 876); 44 Am. Jur. p. 731, § 493.

We conclude that the instructions quoted above were erroneous, prejudicial, and constituted reversible error. The judgments for plaintiffs are reversed and new trials granted. Defendant railroads may recover the costs of this court.

NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred with STARR, C. J. WIEST, J., concurred in the result.