WHITE *v.* HUFFMASTER.

1. AUTOMOBILES—PLACE AND PROXIMATE CAUSE OF ACCIDENT—QUESTION FOR JURY.

   Where the testimony for the respective parties was in conflict as to how and where collision occurred between defendants' automobile and motorcycle on which plaintiff was a passenger and who was the proximate cause thereof, it was for the jury to determine such matters, hence plaintiff was not entitled to a directed verdict.

2. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.

   In passing on plaintiff's motion for a directed verdict it is the duty of the trial court to construe the testimony in the light most favorable to the defendants.

3. SAME—DIRECTED VERDICT.

   A verdict may not properly be directed in favor of either party when an issue of fact is presented for the jury's determination.

4. SAME—FORM OF VERDICT—NEGLIGENCE—PROXIMATE CAUSE.

   In action by motorcyclist's passenger against defendant motorist for injuries sustained at street intersection as motorcyclist was making a left turn, the mere statement that the jurors had concluded that both the motorcyclist and defendant motorist were guilty of negligence but that the motorcyclist was the direct cause of the accident and defendant should not be held liable was not a proper verdict since it wholly ignored the matter of proximate cause or causes of the accident.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am. Jur., Automobiles, §§ 667, 669, 715.
[1, 3] 53 Am. Jur., Trial, § 365.
[2] 53 Am. Jur., Trial, § 349.
[4] Automobiles: Cutting corners as negligence.  6 A.L.R. 321.
[5] 53 Am. Jur., Trial, § 1019.
[6, 10] 53 Am. Jur., Trial, §§ 555, 836, 838.
[7] 5 Am. Jur., Automobiles, § 324.
[8, 9] 5 Am. Jur., Automobiles, § 494.

5. SAME—VERDICT IN IMPROPER FORM—POLL OF JURY—RETURN TO JURY ROOM—DISCRETION OF COURT—MISTRIAL.

In action between passenger on motorcycle and motorist for personal injuries sustained in intersection collision, it was not an abuse of discretion on part of trial court to return jurors to their room for further deliberations where foreman's statement that jury felt both the motorcyclist and motorist were guilty of negligence and indicated verdict was for no cause of action, and poll of jury disclosed lack of unanimity in such conclusion, nor was it error to deny motion for mistrial under the circumstances.

6. SAME—INSTRUCTIONS—NEGLIGENCE—CONFUSION OF JURORS—EXPLANATION.

Where it appears that under instructions theretofore given, the jurors were confused as to what the issues were in action by motorcyclist's passenger against motorist, it was error to fail to give such explanation as would have reasonably clarified the situation, especially where previous instructions contained contradictory and somewhat ambiguous statements and it was the first negligence case which the particular jurors had considered.

7. NEGLIGENCE—PROXIMATE CAUSE.

There may be more than one proximate cause of an accident occurring between two motor vehicles traveling in opposite directions where one of them attempted to make a left turn at an intersection.

8. AUTOMOBILES—MOTORCYCLES—NEGLIGENCE—PROXIMATE CAUSE—INSTRUCTIONS.

In action by passenger on motorcycle against owner and driver of automobile with which motorcycle collided at an intersection, part of instruction which permitted jury to impute negligence, if any, of motorcyclist to plaintiff, and fact that it was not clearly explained to jury that plaintiff · might recover if plaintiff herself were not negligent even though both the motorcyclist and motorist were negligent *held*, prejudicial error.

9. SAME—MOTORCYCLE PASSENGER—INTERSECTIONS—NEGLIGENCE.

In an action for personal injuries to passenger on a motorcycle which collided with a car at an intersection, a jury should be instructed that it should first determine whether defendant was guilty of negligence proximately causing the accident and if it so found, then the negligence of the motorcyclist had no bearing in the case.

10. TRIAL—CONTRADICTORY INSTRUCTIONS.
   Where instructions give to the jury contradictory and conflict-
     ing rules for their guidance, which are unexplained, and
     following either of which would or might lead to different
     results, then the instructions are inherently defective and
     erroneous even though one of the instructions correctly states
     the law as applicable to the facts of the case.

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 8, 1948. (Docket No. 37, Calendar No. 43,953.) Decided May 18, 1948.

Case by Lorraine A. White, a minor, by Ann M. White, her next friend, against Ernest E. Huffmaster, and another for personal injuries sustained when motorcycle on which she was riding was hit by defendants' automobile. Verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Stanley S. Krause,* for plaintiff.

*Carl F. Davidson,* for defendants.

CARR, J.   Plaintiff sustained personal injuries in a traffic accident occurring in the city of Detroit on the 18th of May, 1946, between 10:30 and 11 o'clock in the evening. At the time of the accident plaintiff, a young woman 18 years of age, was riding as a guest passenger on the rear seat of a motorcycle operated in an easterly direction on Joy road. At or near the intersection of said highway with Spinoza drive the driver of the motorcycle undertook to make a left turn. He was at the time proceeding near the center line of Joy road, a four-lane highway approximately 40 feet in width. While in the north lane the motorcycle was struck by a car which was proceeding westerly on Joy road, the injury to plaintiff resulting from the impact. Such car was operated by

the defendant Ernest E. Huffmaster with the knowledge and consent of the owner, the other defendant in the case.

On the trial in the circuit court it was the claim of the plaintiff that the driver of the automobile was guilty of negligence in failing to keep a reasonable and proper outlook for other traffic on the highway and in driving at a rate of speed that was, under the circumstances, unreasonable, and which did not permit him to stop within the assured clear distance ahead.* It was her position that such negligence constituted a proximate cause of the accident. She further denied any contributory negligence on her part. On behalf of defendants it was insisted that no negligence on the part of the driver of the automobile was established by the evidence and that the sole proximate cause of the accident was the negligent operation of the motorcycle by its driver. At the conclusion of the proofs, counsel for plaintiff moved that the court direct a verdict in her favor, leaving to the jury merely the question of damages. Such motion was denied and the case submitted to the jury, by which a verdict in favor of defendant was returned. A motion for a new trial was also denied. Plaintiff has appealed, claiming that said motions should have been granted and that other prejudicial errors occurred in the course of the trial.

The testimony of the witnesses was not in accord as to how and where the collision occurred. The driver of the motorcycle testified in substance that on beginning his turn to the left he crossed the center line of Joy road somewhat to the west of the center of the intersection, that he saw the defendants' car approaching, and that he accelerated the speed of the motorcycle in an attempt to avoid a collision.

---

* See 1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1947 Cum. Supp. § 9.1565).—REPORTER.

He placed the point of impact at the north side of Joy road, approximately in the center of Spinoza drive. He further testified that the speed of defendants' car was somewhat accelerated as ·it approached and entered the intersection. The driver of the automobile claimed that he approached the intersection at a reasonable rate of speed, that he saw the motorcycle approaching, that when the automobile was approximately half way across the intersection of Joy road and Spinoza drive the motorcycle suddenly turned in front of it and that he applied his brakes but could not prevent the collision. He placed the point of impact approximately 10 feet west of the west curb of Spinoza drive and about 4 feet from the north edge of the pavement on Joy road. A police officer, called as a witness in plaintiff's behalf, testified to marks on the pavement on Joy road near the west curb line of Spinoza drive. In view of the conflicting testimony of the witnesses, it was for the jury to determine how and where the collision occurred and the proximate cause or causes thereof. Under the testimony plaintiff was not entitled to a directed verdict. In passing on the motion it was the duty of the trial court to construe the testimony in the light most favorable to the defendants. The rule is well settled that a verdict may not properly be directed in favor of either party when an issue of fact is presented for the jury's determination. *Michigan Pipe Co.* v. *Michigan Fire & Marine Ins. Co.,* 92 Mich. 482 (20 L. R. A. 277); *Davis* v. *Belmont Creamery Co.,* 281 Mich 165; *Selman* v. *City of Detroit,* 283 Mich. 413; *Anderson* v. *Kearly,* 312 Mich. 566.

After the jurors had deliberated for some time, they returned to the courtroom. In answer to the court's question as to the verdict that had been reached, the foreman stated:

"We feel that both were guilty of negligence, but the motorcycle driver was the direct cause of the accident and the defendant should not be held liable."

The court declined to receive the verdict in the form stated, and after some colloquy the foreman indicated that the verdict was one of "no cause for action." Thereupon, at the suggestion of the court, the jury was polled. In answer to the question propounded by the clerk, one of the jurors indicated that the verdict stated by the foreman was not her verdict, whereupon the court proceeded no further with the poll and directed the jurors to return to their jury room for further deliberations. Counsel for the plaintiff at the time moved for a mistrial, which motion was not granted. Before retiring, one of the jurors addressed the following question to the court:

"May I ask one more question? Did you say that we could find the defendant guilty of negligence and also find the driver of the plaintiff—the driver of the motorcycle guilty of negligence also?"

To this question the court replied:

"The driver of the motorcycle is not a party."

In behalf of plaintiff it is argued that the court should have accepted the statement of the foreman, above quoted, as a verdict in plaintiff's favor, inasmuch as it indicated that the jurors thought the driver of the automobile was guilty of negligence. It is also insisted that the court erred in failing to declare a mistrial, and in not making a more responsive answer to the question of the juror as to possible findings under the charge of the court. Clearly, however, the mere statement that the jurors had concluded that both drivers were guilty of negligence was not a proper verdict. Such statement wholly ignored the matter of the proximate cause or causes

of the accident. The trial court correctly advised
the jury as to the form in which the verdict should
be presented. Neither was there any abuse of dis-
cretion in returning the jurors to their room for fur-
ther deliberations. The situation that developed
when the jurors were polled was not of such char-
acter as to require the court to declare a mistrial.
There was in consequence no error in the refusal
to grant such motion.

The question asked by the juror as to possible
findings that might be made clearly indicated, in
connection with other occurrences, that the jurors,
or some of them, were confused as to the issues in
the case. It is a fair inference that the juror asking
the question did not understand from the charge of
the court precisely what the issues were. Under the
circumstances disclosed by the record, including the
charge itself, we think the trial court should have
given to the jurors such explanation as would have
reasonably clarified the situation. Failure to do so
was error. It appears from the charge that this
was the first negligence case that these jurors had
considered; and the instructions of the court, as
hereinafter pointed out, contained contradictory and
somewhat ambiguous statements.

The principal assignments of error have reference
to the charge of the court. It is claimed specifically
that the court erred in instructing the jury as fol-
lows:

"Now, members of the jury, if you answer that
question in the affirmative and you find that he (the
driver of the automobile) was guilty of negligence—
such negligence as I have pointed out—failure to
exercise the degree of care in all of these respects
required by these statutes and the law to protect
the interests of persons likely to be affected by the
lack of exercise of those faculties, then you may find
a verdict for the plaintiff and against the defendant.

But before you do that, you must consider and determine whether or not the driver of the motorcycle was negligent, and whether such negligence was a proximate cause of the accident and injury.  As I have already indicated to you, the driving, on (the) approaching an intersection, and driving at a different angle or different side of the centerline as provided in this statute, would be, itself, negligence as a matter of law.  That is a violation of the State statute, definite and specific.  *  *  *  Considering all those circumstances, it is for you to answer that question, whether or not the driver of the motorcycle was guilty of contributory negligence, or whether he was free from negligence.

"Under the law, it is required that the plaintiff establish by a fair preponderance of the evidence, both that the defendant was negligent, and that the plaintiff was free from negligence.  But in this case the driver of the motorcycle was not—is not the plaintiff.  It is a passenger.  And if you answer that question, that the driver of the motorcycle was negligent, you will also consider and answer the question as to whether his negligence was a proximate—contributing cause to the injury that followed."

It is argued that the language quoted might have been interpreted by the jury as meaning that plaintiff could not recover if the negligence of the driver of the motorcycle was a proximate cause of the accident.  Attention is further called to the fact that throughout the charge references were made to the conduct of plaintiff's driver in such form as to suggest that his negligence was a decisive factor in the case.  It should be said in fairness to the trial court that in other portions of the charge the jury was told that the negligence of plaintiff's driver would not preclude recovery on her part unless such negligence was the sole proximate cause of the accident.  It was not, however, clearly explained to the jury that plaintiff was entitled to recover if she was not her-

self guilty of negligence contributing to the accident, and if the negligence of each driver constituted a proximate cause. It has been repeatedly recognized that there may be more than one proximate cause of an accident of this character. *Bordner* v. *McKernan,* 294 Mich. 411; *Banzhof* v. *Roche,* 228 Mich. 36; *Reed* v. *Ogden & Moffett,* 252 Mich. 362; *Camp* v. *Wilson,* 258 Mich. 38; *Wiles* v. *Railroad Co.,* 311 Mich. 540. We think the language quoted is subject to the objection urged, and that it, in connection with the balance of the charge, may have confused the jury. As suggested above, it seems apparent from the record that such confusion existed.

The trial court correctly told the jury that the negligence of plaintiff's driver could not be imputed to her. *Bricker* v. *Green,* 313 Mich. 218 (163 A. L. R. 697); *Sedorchuk* v. *Weeder,* 311 Mich. 6. However, in the course of the charge, he made the following statement which plaintiff's counsel insist was error:

"As a rule, the negligence of the driver of the motorcycle would not be imputable to the particular passenger riding on that motorcycle, but that is not necessarily a determination that that negligence is not imputable. In each case, it is for you to determine."

It is quite possible that the jury understood from this statement that it rested with them to say whether the negligence of plaintiff's driver, if he was negligent, might be imputed to her if the jury thought it proper to do so. This was clearly error. The character of the instructions to be given in a case of this nature was considered in *Sedorchuk* v. *Weeder, supra,* where it was said:

"The jury should be instructed that it should first determine whether defendant was guilty of negligence and whether such negligence was a proximate cause of the accident. If the jury should so find,

then the negligence of plaintiff's driver has no bearing in the case."

It cannot be said that this erroneous instruction was cured by other statements in the charge. It was not withdrawn, nor did the court indicate that he wished the jury to understand that it was in any way corrected or modified. In *Pettersch* v. *Grand Rapids Gas Light Co.*, 245 Mich. 277, this Court quoted with approval the general rule on the subject of contradictory instructions as stated in 14 R. C. L. pp. 777, 778:

"Where instructions give to the jury contradictory and conflicting rules for their guidance, which are unexplained, and following either of which would or might lead to different results, then the instructions are inherently defective and erroneous. And that is true though one of the instructions correctly states the law as applicable to the facts of the case. The reason for this is that where the instructions on a material point are contradictory, it is impossible for the jury to decide which should prevail, and it is equally impossible, after the verdict, to know that the jury was not influenced by that instruction which was erroneous, as the one or the other must necessarily be, where the two are repugnant. A further reason is that conflicting and contradictory instructions in effect leave the jury without instructions to guide them with reference to the law arising upon the evidence in the cause."

See, also, *Herzberg* v. *Knight*, 289 Mich. 29; *Socony Vacuum Oil Co.* v. *Marvin*, 313 Mich. 528. It cannot be said in the instant case that the jury did not follow the erroneous instructions. It must be held, in consequence, that the giving of such instructions constituted prejudicial error.

In view of the conclusions above indicated it is not necessary to consider specifically other portions of the charge on which plaintiff has assigned error.

Consideration has been given to other matters raised in the briefs of counsel, but comment thereon is not required. They are of such character that in all probability they will not arise on a retrial.

Because of the errors above pointed out, the judgment is reversed and the case remanded for a new trial, with costs to appellant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.