ROSE v. PAINT MANUFACTURERS, INC.

1. APPEAL AND ERROR—NONJURY CASE—EVIDENCE.

On appeal in a law case tried without a jury the Supreme Court does not reverse unless the evidence clearly preponderates in the opposite direction.

2. SALES—IMPLIED CONTRACTS—EVIDENCE—PAINT LABELS.

In action to recover for merchandise labels sold and delivered by plaintiff to defendant where evidence shows defendant's president admitted he had ordered some labels without specification of quantity or price and does not deny his son and plant manager were authorized to order, receive and accept the labels, that same were delivered, that plaintiff's out-of-pocket cost for manufacturing costs and his 10 per cent. commission amounted to a given sum, it was sufficient to establish at least an implied contract between the parties, performance on plaintiff's part, acceptance by defendant and that plaintiff was entitled to a reasonable price therefor (2 Comp. Laws 1929, § 9448).

3. SAME—REASONABLE PRICE—QUESTION OF FACT.

Where the price of merchandise is not fixed by contract or a course of dealing between the parties, the buyer must pay a reasonable price and what is a reasonable price is a question of fact dependent on the circumstances of each case (2 Comp. Laws 1929, § 9448).

4. SAME—REASONABLE PRICE—PAINT LABELS—EVIDENCE.

The reasonable price for paint labels furnished defendant by plaintiff was fairly established by evidence showing latter's out-of-pocket costs for manufacturing and an addition of approximately 10 per cent. for his work, commission or profit (2 Comp. Laws 1929, § 9448).

5. SAME—REASONABLE PRICE—PAINT LABELS—COMPETENCY OF EVIDENCE.

In action to recover under contract for paint labels furnished by plaintiff to defendant, evidence in form of quotation of

prices received from another concern some months after labels involved were delivered and an invoice for a smaller quantity received and paid for three years later was properly rejected as incompetent on the subject of reasonableness of price of plaintiff's merchandise where there was no testimony as to whether quotation or invoice related to the same quality, art work or make-up as those furnished by plaintiff.

Appeal from Oakland; Holland (H. Russel), J. Submitted April 11, 1945. (Docket No. 77, Calendar No. 43,027.) Decided May 14, 1945.

Assumpsit by M. T. Rose against Paint Manufacturers, Inc., for labels furnished to it. Judgment for plaintiff. Defendant appeals. Affirmed.

*Tilden M. Gallagher,* for plaintiff.

*Louis A. Gottlieb,* for defendant.

BOYLES, J. Defendant appeals from a judgment in the sum of $1,323.03 for merchandise labels alleged by plaintiff to have been sold and delivered by him to the defendant. Plaintiff was engaged in the business of advertising and selling printed matter and defendant in the business of manufacturing and selling paint. The case was heard by the circuit judge without a jury. Appellant's contention is mainly that the circuit judge should have placed more reliance on its version of the facts and the inferences to be drawn therefrom. At the outset the defendant is confronted with the rule that in a law case tried by the court without a jury we do not reverse unless the evidence clearly preponderates in the opposite direction.

The issue is mainly one of fact and inferences to be drawn from the testimony. The defendant admits that merchandise was ordered but claims it was ordered "without specification of quantity or

price," and that defendant is liable only for such merchandise delivered to it as was used or accepted by it. On the other hand, the plaintiff claims that the president of the defendant company, about to leave for Florida, ordered "a quantity of specially created and printed paint-can labels at a quoted price, and instructed plaintiff to print and deliver *additional* labels in his absence on the order of his agents at the best price obtainable;" that plaintiff delivered labels only in quantity approved by defendant's agents and employees, for which plaintiff claims defendant is liable.

Plaintiff testified that an order for certain labels was placed with him by Mr. McDonald, president of defendant corporation, in October, 1939, that Mr. McDonald told him to go ahead and get something up; that he submitted proofs and art sketches of three or four different paint labels to Mr. McDonald, that McDonald OK'd them, that plaintiff had the art work and plates made up and proceeded to deliver labels as they were needed, accepted and approved at defendant's plant. Plaintiff testified that the arrangement as to prices was indefinite because they didn't know exactly what was wanted or how much the art work, plates and other expense of labels would be; that nothing further was said about price except that plaintiff should deliver the labels at the very lowest price that he could do it for, and plaintiff testified he did so. Plaintiff testified in detail as to the original costs of the work on the separate label jobs that were made up for the defendant, that he himself had paid the manufacturing costs to the printing companies, delivered to the defendant about 13 different labels in 5 different sizes, that he charged the defendant approximately 10 per cent. profit or commission over and above his out-of-pocket costs. Plaintiff was not a

manufacturer of labels but placed the art work, plates and printing with actual manufacturing concerns. He testified that he was not able to set a definite price in advance and never was asked to do so and that the total cost of the labels plus his profit or commission amounted to $1,098.86.

There is no dispute but that the defendant did order labels from the plaintiff, that plaintiff performed his part of the contract by furnishing and delivering labels to the defendant. There is also no question but that these labels were received and receipted for by the defendant at its plant, that none of them have ever been returned to plaintiff, that a part of them have been used by the defendant and that the rest of the labels are still in defendant's possession subject to its use or disposal. The substance of defendant's claim is that McDonald ordered only 10,000 labels but that in his absence plaintiff delivered 50,000 labels, and that the defendant is liable only for labels used by it.

The plaintiff made 23 separate deliveries of labels to the defendant at its plant as shown by receipts signed by defendant's agents or employees acknowledging the receipt of the same. There is no question but that the labels for which plaintiff claims payment were approved and received by defendant's agents or its employees. There is proof that when the defendant's president, Mr. McDonald, left for Florida he told the plaintiff to go ahead with the job and that Mr. Krieg, the defendant's plant manager, and McDonald's son who was also working at defendant's plant, would authorize additional runs of labels; and that it was with McDonald's consent and knowledge that Mr. Krieg and the son took over where he (McDonald) left off. Plaintiff further testified that he himself never decided the number of labels to be printed of any particular kind

but was told by Mr. Krieg and McDonald's son how many they wanted. Mr. Krieg and Mr. McDonald's son were not called by defendant to deny plaintiff's claims. However, Mr. McDonald testified that he told plaintiff he wanted to spend only $200 or $250 for labels, although admitting he ordered some labels from the plaintiff; nor did he deny the authority of Mr. Krieg and the son to receive and accept the labels for which plaintiff seeks payment.

We conclude that the record fairly establishes at least an implied contract between the parties, that the labels were received and retained by the defendant through its president, plant manager and employees, and have been used or are still in defendant's possession. Plaintiff is entitled to recover a reasonable price for the same. It cannot be said, on the record before us, that the judgment for plaintiff should be set aside on the ground that the evidence clearly preponderates in the opposite direction.

The price to be paid for all of the labels was not agreed upon. Under such circumstances, the statute (2 Comp. Laws 1929, § 9448 [Stat. Ann. § 19.249]) provides:

"(1) The price may be fixed by the contract, or may be left to be fixed in such manner as may be agreed, or it may be determined by the course of dealing between the parties. * * *

"(4) Where the price is not determined in accordance with the foregoing provisions the buyer must pay a reasonable price. What is a reasonable price is a question of fact dependent on the circumstances of each particular case."

The testimony for plaintiff fairly establishes what might be considered a reasonable price for the labels. He testified in detail as to the out-of-pocket costs paid by him to the manufacturers, to

which he added approximately 10 per cent. for his work, commission or profit. As against this testimony, the defendant offered none except to attempt to introduce in evidence a quotation of prices for paint labels which the defendant received from a label-printing concern in Chicago some months after the labels in question had been delivered. This quotation was for a similar quantity of labels but there was no showing that the labels thus quoted were of the same quality, art work or make-up as those furnished by plaintiff. Testimony had previously been received that there was a considerable range in prices of labels depending upon the amount of art work and quality. The defendant also attempted to introduce in evidence an invoice for 500 labels which the defendant had received from a Chicago concern and paid three years after the labels here in question had been delivered to the defendant. It was not error to exclude these exhibits. In the absence of any witness testifying as to the so-called quotations or the invoice, this was not competent evidence to establish the reasonable price of the labels furnished by plaintiff.

Judgment affirmed, with costs to appellee.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, SHARPE, and REID, JJ., concurred.