BRACKINS *v.* OLYMPIA, INC.

1. NEGLIGENCE—ROLLER SKATING RINK—MAINTENANCE OF FLOOR—
EVIDENCE.

In expert roller skater's action against rink owner for damages
alleged to have been sustained as a result of inequality in
floor, where testimony was conflicting as to presence of al-
leged inequality, a question of fact was presented for deter-
mination by the trial judge who tried the case without a jury
and evidence sustained his holding that defendant was neg-
ligent in failing to maintain the floor in proper condition.

2. SAME—ROLLER SKATING RINK—MAINTENANCE OF FLOOR—INSURER
OF SAFETY.

While the owner of a roller skating rink is not an insurer of the
safety of its invitee roller skaters, the owner does have a duty
to maintain the floor of the rink in a reasonably safe condi-
tion for the purpose for which it was used.

3. SAME—PROXIMATE CAUSE.

In expert roller skater's action against rink owner for damages
alleged to have been sustained as a result of inequality in
floor the mere fact that there had been a ''clipping'' or ''tick-
ing'' of plaintiff's skate by another skater just prior thereto
did not justify assumption of assault by, or negligence on
the part of, such other skater as such contact may have been
wholly accidental.

4. SAME—PROXIMATE CAUSE—CONCURRENT NEGLIGENCE.

The negligence of two or more defendants may be cooperating
and concurrent proximate causes of an accident and resulting
injuries.

5. SAME—TWO PROXIMATE CAUSES—THIRD PARTIES.

Defendant, whose negligence was a proximate cause of plain-
tiff's injury, may not escape liability therefor merely by show-
ing that an innocent, tortious, or even criminal act of a third
party was also a proximate cause.

Effect of third person's innocent, tortious or criminal act in bring-
ing about plaintiff's harm, see 2 Restatement, Torts, § 439.

6. SAME—CONCURRENT NEGLIGENCE OF THIRD PERSON—PURE ACCIDENT.

One is liable to respond in damages for an injury which was the natural and probable result of the concurrence of his negligence with the negligence of another, or with an act of God or pure accident, or with an inanimate cause, notwithstanding his lack of responsibility for the other cause.

7. APPEAL AND ERROR—NONJURY CASE—EVIDENCE.

On appeal in a law case tried without a jury the Supreme Court does not reverse unless the evidence clearly preponderates in the opposite direction.

8. NEW TRIAL—DISCRETION OF COURT—WEIGHT OF EVIDENCE—CUMULATIVE TESTIMONY.

Denial of new trial to defendant rink owner in action which had been brought by expert roller skater to recover damages was not an abuse of discretion where judgment for plaintiff was not against the weight of the evidence, the deposition of one witness might have been taken in advance of the trial and testimony of other additional witness, the building inspector, was merely cumulative.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 10, 1946. (Docket No. 44, Calendar No. 43,322.) Decided December 2, 1946.

Case by Edward L. Brackins against Olympia, Inc., for personal injuries sustained when he fell while skating on defendant's rink. Judgment for plaintiff. Defendant appeals. Affirmed.

*Buell A. Doelle,* for plaintiff.

*Harold S. Knight,* for defendant.

CARR, J. While roller skating in a rink owned and operated by defendant corporation in the city of Detroit, plaintiff fell and sustained serious injuries. The accident occurred September 1, 1942. Plaintiff testified that, while making a turn on the floor of the rink his right skate was "ticked" or

"clipped" by another skater and that as a result his skates became locked with his right foot and skate behind his left skate. Plaintiff further claimed that he was an expert skater; that he had for some time acted as instructor in roller skating in a skating rink in the south; that on many prior occasions his skates had locked in like manner; and that the proper procedure to prevent falling was to go into a "spin" and partial crouch. It was plaintiff's testimony further that he undertook, on the occasion in question, to execute this maneuver in order to save himself from injury, but did not succeed in doing so because his left skate struck a ridge or inequality in the floor of the rink and was thereby prevented from turning.

This building was not originally constructed as a roller skating rink. The floor, 80 by 280 feet, was paved with concrete. To prepare it for roller skating, a maple floor, built in sections 4 by 12 feet, was placed on the concrete. Said sections were made by nailing ¾-inch hard maple boards, approximately 2 inches in width, to 2 x 4's, 18 inches apart. When the sections were fitted together they were compacted by wedges at the sides and ends of the floor. As a matter of regular practice the skating floor, thus prepared, was sanded each Monday during the roller skating season for the purpose of removing slippery spots. Plaintiff testified that, at the spot where he fell, there was an inequality of approximately an inch where sections of the floor were joined and that the board in the floor seemed splintered. It was his claim in substance that this condition caused the fall resulting in his injuries.

The case was tried before the court without a jury. Following the opening statement of counsel for plaintiff, defendant moved for judgment in its favor on the ground that if plaintiff produced the evidence

indicated by such statement it would not be sufficient to support recovery. A similar motion was made at the conclusion of plaintiff's proofs, based on their alleged insufficiency. The court took the motion under consideration and subsequently, January 15, 1945, filed a written opinion holding that plaintiff was entitled to recover damages. Judgment in plaintiff's favor in the sum of $8,000 was entered on the same day. February 2d, following, defendant filed a motion for the entering of judgment in its favor and in the alternative for a new trial. This motion was denied and defendant has appealed.

On the trial defendant offered the testimony of two of its employees who claimed the floor was in perfect condition and that they did not find any ridge or inequality in it, as claimed by plaintiff. The conflicting testimony on this point presented an issue of fact which the trial court determined in favor of plaintiff, stating in this connection, "this ridge did precipitate the plaintiff to the floor as he was trying to execute this spiral turn for the purpose of coming out of the tripping from behind without sustaining a fall." The trial court further determined that defendant was guilty of negligence because of failure to maintain its floor in proper condition. Such holding is clearly supported by the record. Plaintiff was an invitee and, while defendant was not an insurer of his safety, the duty rested on it to maintain its floor in a reasonably safe condition for the purpose for which it was used. *Nezworski* v. *Mazanec,* 301 Mich. 43.

Defendant's contention that judgment should have been entered in its favor is based principally on the claim that the negligence of defendant was not the proximate cause of the accident. It is argued that defendant merely created a condition and that plaintiff's fall was the direct result of the act of

the other skater who came in contact with plaintiff. Defendant assumes that such third party was guilty of an assault on plaintiff or, at least, of negligence. The proofs, however, do not justify any such assumption. The "clipping" or "ticking" of plaintiff's skate may have been wholly accidental. Defendant's contention also overlooks the fact that the case was tried and decided in the circuit court on the theory that plaintiff fell because his skate came in contact with the ridge in the floor, which theory found support in plaintiff's testimony.

In view of the factual situation here the case of *Wiles* v. *Railroad Co.,* 311 Mich. 540, is in point. There an automobile in which plaintiff was riding was struck by another car, the driver of which had, it was claimed, swerved to his left in order to avoid contact with box cars that defendant railroad company was propelling over a crossing. It was contended that the negligence of the defendant company was not the proximate cause of the accident, but rather that the act of the driver of the car that struck plaintiff's vehicle was, in fact, the proximate cause. In deciding against such contention it was said:

"In this contention defendant railroads overlook the established rule that the negligence of two or more defendants may be cooperating and concurrent proximate causes of an accident and resulting injuries. That is to say, if the railroads were negligent and their negligence continued until the time of the accident, the intervening negligence of defendant Hunt would not relieve them from liability."

The court cited with approval *Bordner* v. *McKernan,* 294 Mich. 411, where it was said:

"With regard to the contention that the negligence of Quinn was the sole cause of the accident, it is to be remembered that there may be more than

one proximate cause of the same injury. Assuming that Quinn was negligent in running into the taxicab and that the injuries would not have resulted without such negligence, it is clear that Bentley's negligence may also have been a proximate cause, and that the two negligent acts may have been co-operating and concurrent.''

See, also, *Reed* v. *Ogden & Moffett*, 252 Mich. 362; *Camp* v. *Wilson*, 258 Mich. 38; *Murphy* v. *Sinen*, 281 Mich. 274; *Gleason* v. *Hanafin*, 308 Mich. 31.

The case of *Gage* v. *Railroad Co.*, 105 Mich. 335, is also in point. There plaintiff was riding in a sleigh which, because of the shying of the horse, went over an embankment. Plaintiff was injured and brought suit against the railroad company on the theory that its failure to maintain proper barriers along an approach to a bridge constructed by the company across a cut made by it in establishing a grade separation constituted negligence. It was contended by defendant that the proximate cause of the injury was not the absence of barriers but rather the shying of the horse. It did not appear, however, that the horse was not under reasonable control of the driver at the time. Citing the earlier decision in *Langworthy* v. *Township of Green*, 95 Mich. 93, the Court said:

''It cannot be said, as a matter of law, that the mere shying of the horse, and not the improper and dangerous condition of the highway, was the proximate cause of the injury. They were apparently concurring causes,—the one, the shying of the horse, where neither party can be said to be in fault; and the other, the defect in the highway, for which, under the finding of the jury, the defendant company is responsible.''

In 2 Restatement, Torts, p. 1184, § 439, it is said:

''If the effects of the actor's negligent conduct actively and continuously operate to bring about

harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act, is also a substantial factor in bringing about the harm does not protect the actor from liability.''

Likewise, in 38 Am. Jur. pp. 715, 716, the following statement is made:

''Under the rule that the court will trace an act to its proximate, and not to its remote, consequences, there may be two or more concurrent and directly cooperative and efficient proximate causes of an injury. Negligence which was operative at the time an injury was inflicted may constitute the proximate cause of the injury and be actionable, notwithstanding it concurred with the act of a third person to produce the injury. One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the act of a third person may have contributed to the final result. For example, one negligently handling petroleum products without license in a city is liable for injury done to neighboring property by an explosion, although the act of a third person cooperates to produce the injury. Since a concurring cause may be a proximate cause, the rule is that one is liable to respond in damages for an injury which was the natural and probable result of the concurrence of his negligence with the negligence of another, or with an act of God or pure accident, or with an inanimate cause, notwithstanding his lack of responsibility for the other cause.''

Counsel for defendant calls attention to the cases of *Dawson* v. *Postal Telegraph-Cable Co.*, 265 Mich. 139, and *Frye* v. *City of Detroit*, 256 Mich. 466. These decisions are distinguishable from the case at bar on the facts involved. In the *Dawson Case* plaintiff was riding in an automobile which was forced to leave the traveled portion of the road to avoid a collision with a truck which made a left

turn without any warning signal. Plaintiff's vehicle ran into a pile of poles, belonging to defendant company, lying on the untraveled portion of the highway. Under the circumstances involved it was held that defendant's act, even if negligent, was not the proximate cause of the accident. It was there said:

"Defendant could not have foreseen a collision of this kind resulting from an act of negligence by another party, forcing the car in which plaintiff was riding to leave the main portion of the road."

In *Frye* v. *City of Detroit, supra,* plaintiff's decedent was struck by an automobile on a public street in the city of Detroit, and thrown upon the streetcar tracks of defendant city, where he was struck by a streetcar. Death resulted within a few minutes. It was held that plaintiff could not recover because the proofs failed to show whether the fatal injuries were inflicted by the streetcar or by the automobile. Commenting on this situation it was said:

"It was necessary for plaintiff to submit proof, from which the jury could draw the reasonable inference that the death of plaintiff's decedent would not have occurred but for the negligence of defendant city."

The language quoted clearly implies that, had the proofs established defendant's negligence and that such negligence caused the death, the act of the driver of the automobile in question would not have been a bar to recovery.

Defendant also cites decisions from other states, including *Seith* v. *Commonwealth Electric Co.,* 241 Ill. 252 (89 N. E. 425, 24 L. R. A. [N. S.] 978, 132 Am. St. Rep. 204) and *Steenbock* v. *Omaha Country Club,* 110 Neb. 794 (195 N. W. 117). In the Illinois case an electric wire, maintained by defendant, was

lying on the ground. It was the claim of the plaintiff that a third person threw or knocked this wire against plaintiff, causing the injury. The facts in this case are obviously not similar to those involved in the case at bar. The decision in the Nebraska case is also distinguishable on the same basis.

We think that the decisions of this court above referred to leave no question as to the established rule in Michigan. Defendant is not absolved from liability for its negligence because of the act of the other skater referred to in "ticking" or "clipping" plaintiff's skate. The proofs support the conclusion of the trial court that plaintiff fell because of the roughness of, or the inequality in, the floor of the skating rink. Defendant's negligence, if not the sole proximate cause of the accident, was, in any event, a proximate cause.

Under the testimony the question as to whether defendant's negligence was a proximate cause of the accident was one of fact. As such it was for the determination of the trial court. In determining the matter he had the advantage of seeing the witnesses and hearing them testify. In consequence, he was in better position than is this Court to judge of their credibility. As stated in *Rose* v. *Paint Manufacturers, Inc.*, 311 Mich. 428:

"At the outset the defendant is confronted with the rule that in a law case tried by the court without a jury we do not reverse unless the evidence clearly preponderates in the opposite direction."

See, also, *Vannett* v. *Michigan Public Service Co.*, 289 Mich. 212; *Allen* v. *Kroger Grocery & Baking Co.*, 310 Mich. 134; *McKenna* v. *New York Life Ins. Co.*, 314 Mich. 304. In the case at bar it cannot be said that the evidence "clearly preponderates" against the finding of the trial court of which defendant complains.

This brings us to the question whether defendant's motion for new trial was properly denied. Said motion was based on the claim that the verdict was against the weight of the evidence, that the trial court erred in refusing defendant's request for an adjournment until the following day in order that a building inspector for the city of Detroit, who made an examination of the floor of the skating rink 16 days after the accident, might be produced in court, and that defendant's request for a continuance in order to take the deposition of a witness residing in West Virginia was improperly denied. Apparently it was desired to use the testimony of the witness last referred to, Ross A. Brink, in order to impeach plaintiff's testimony. On the hearing of the motion for new trial both of the parties referred to appeared before the court and were examined. Thereupon the court concluded that defendant might have taken the deposition of Mr. Brink in advance of the trial, and that the testimony of the inspector was, at most, merely cumulative to that given by other witnesses who testified in defendant's behalf on the trial.

Under the circumstances it cannot be said that the trial court abused his discretion in refusing a new trial. The declaration filed in the case set forth plaintiff's claims and counsel for defendant should have anticipated that testimony would be offered to support such claims. Apparently defendant knew before the trial that Mr. Brink had discussed the accident with plaintiff. In view of the situation the testimony of Mr. Brink, if thought material, should have been seasonably procured in order that it might be offered in defendant's behalf. The testimony of the city inspector, as given on the hearing of the motion, was, as the trial court found, merely cumulative. The claim that the verdict was against

the weight of the evidence has been sufficiently covered in the discussion of the principal issue involved. The trial court was not in error in denying the motion for new trial, *Finch* v. *W. R. Roach Co.,* 299 Mich. 703.

The judgment is affirmed, with costs to appellee.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.