## DAVIS *v*. RANDALL.

1. APPEAL AND ERROR—EJECTMENT—FINDING OF TRIAL COURT—CROSS APPEAL.

> Judgment for ejectment plaintiff as to east 8 rods of tract 40 rods long claimed is affirmed, where defendant does not cross-appeal from trial court's finding that plaintiffs had established title thereto by adverse possession.

2. EJECTMENT—TITLE—PREPONDERANCE OF EVIDENCE.

> The trial court's finding that ejectment plaintiff had failed to establish title to westerly 32 rods of 40-rod strip of land either by adverse possession or by location of an old fence line by a preponderance of the evidence *held*, supported by record.

3. SAME—PLAINTIFF MUST RELY ON OWN TITLE.

> In ejectment, plaintiffs must rely on their own title and cannot rely on any deficiency in the title of opposite parties.

4. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.

> The Supreme Court does not reverse the judgment in a nonjury case unless the evidence clearly preponderates in the opposite direction.

Appeal from Jackson; Simpson (John), J. Submitted June 10, 1948. (Docket No. 42, Calendar No. 44,109.) Decided September 8, 1948.

Ejectment by Zimri J. Davis and wife against Frank J. Randall and wife to establish title to real

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am. Jur., Appeal and Error, § 821.
[3] 18 Am. Jur., Ejectment, § 20.
[3] Instructions in ejectment on rule that plaintiff must recover on strength of own title. 159 A.L.R. 646.
[4] 3 Am. Jur., Appeal and Error, § 396.

estate. Judgment for plaintiffs to part of disputed area. Plaintiffs appeal. Affirmed.

*John S. Denton* (*Alvin G. Dahlem,* of counsel), for plaintiffs.

*M. Grove Hatch,* for defendants.

Boyles, J. This is an action in ejectment wherein plaintiffs seek to establish title to an irregular piece of land adjacent on the south of lot 8, block 3, and lots 19 to 23, inclusive, in block 4, of Maple Ridge subdivision in the northeast quarter of section 36, in Blackman township, Jackson county. Said lots are owned by the defendants herein and the strip of land claimed by the plaintiffs south of said lots, designated as lot 24, block 4, is approximately 660 feet long east and west, 33 feet wide at the west end and 45.17 feet wide at the east end. There is some indication in the record that this strip of land was originally laid out with the intention of making it a street for access to the lots in the plat north of said strip. The dispute between these parties centers in a difference of opinion as to the proper location of the east and west boundary line between the properties owned by these parties. Plaintiffs base their claim of title mainly on a boundary line which they claim was established by a fence some 40 or 45 years before this action was begun. The testimony goes back to a time before the land was platted, when the defendants' predecessors in title, the Beebes, owned the land on the north of the disputed boundary, and plaintiff Zimri J. Davis owned that on the south. The fence in question was razed by Davis about 40 years ago.

There was much testimony, pro and con, as to where this fence had been located, a recital of which is shown in painstaking detail in the statements of

facts in both briefs and need not be repeated here. We do not find in the record any proof as to which landowner built the fence, whether there was any agreement at that time as to the fence being placed on the true boundary, or any evidence that the fence was ever intended as a line fence to establish a boundary. The plaintiffs also claim that if the boundary has not been established by their proofs as to the line of the old fence, they still are entitled to prevail by claiming title by adverse possession.

The trial court, hearing the case without a jury, found that the plaintiffs had established their title to the east eight rods of lot 24, block 4, by adverse possession, and that as to the rest of the strip of land claimed by the plaintiffs they had failed to prove title. The judgment as entered allows the plaintiffs title to the east eight rods of lot 24, block 4, and the defendants not having cross-appealed, by reason thereof the judgment as to that parcel stands. Plaintiffs have appealed from that part of the judgment holding that they do not have title to the rest of the rectangular strip of land claimed in their declaration.

Maple Ridge subdivision was platted in 1916, long after the fence in question had been razed by plaintiff Davis. Both the plaintiffs and defendants' predecessor in title, Mr. Beebe, were parties to the dedication of the plat in 1916. It shows the Beebe property as extending to the south line of lot 24, block 4. Beebe claimed ownership and paid taxes on said platted description until he conveyed to defendants Randall in 1945. There was testimony that Beebe intended the strip of land in question to become a public street, and at one time he entered into a contract to give said strip, being lot 24, block 4, for use as a street.

We are in accord with the conclusion reached by the trial court, that under the survey and dedication

of the plat in 1916 and the conveyances in pursuance thereof plaintiffs have failed to establish their claim of title, either by adverse possession or by location of the old fence line, by a preponderance of the evidence. In ejectment, plaintiffs must rely on their own title and cannot rely on any deficiency in the title of the opposite parties. The case having been heard by the court without a jury, we do not reverse unless the evidence clearly preponderates in the opposite direction. The difficulty confronting the plaintiffs' position lies in the failure of their proofs, not in the law which they cite and on which they rely. While plaintiffs established that "everything south of the fence belonged to Davis," the evidence does not preponderate in their favor that the old fence was located where they now claim it to have been, or that they have obtained title by adverse possession.

Affirmed, with costs.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.