LATTIN v. TABACK.

1. PRINCIPAL AND AGENT—PURCHASE ORDER—AUTHORITY—EVIDENCE.
   Whether or not steel broker had authority to sign purchase order for steel for defendant scrap-metal dealer *held,* a question of fact, under evidence presented, there being nothing to justify a conclusion that any general agency for defendant existed.

2. APPEAL AND ERROR—NONJURY CASE—CLEAR PREPONDERANCE OF EVIDENCE.
   The Supreme Court does not reverse judgment entered in law actions tried before the judge without a jury unless the evidence clearly preponderates in the opposite direction, since the trial judge has the advantage of seeing the witnesses in court and of hearing their testimony.

3. PRINCIPAL AND AGENT—AUTHORITY—EXECUTION OF INSTRUMENTS —EVIDENCE.
   Trial court's determination that party who had signed purchase order for steel on behalf of defendant had not been authorized to execute it by latter is not disturbed on plaintiff's appeal under record presented.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 8 Am Jur, Brokers, §§ 51, 53.
[2, 3] 3 Am Jur, Appeal and Error, § 896 *et seq.*
[4] 2 Am Jur, Agency, § 208 *et seq.*; 8 Am Jur, Brokers, § 79.

4. SAME—EXECUTION OF INSTRUMENTS—RATIFICATION—EVIDENCE.
    Ratification of execution of purchase order for steel from plain-
        tiff by steel broker on behalf of defendant scrap-metal dealer
        *held*, not established by evidence presented.

Appeal from Wayne; Holbrook (Donald E.), J.,
presiding. Submitted June 13, 1950. (Docket No.
75, Calendar No. 44,799.) Decided September 11,
1950.

Assumpsit by Armand J. Lattin and others, doing
business as Lat-Gra-Son Associates, against Harold
Taback, doing business as Consumers Scrap Iron
Company, for loss caused by failure to take goods
ordered. Judgment for defendant. Plaintiffs ap-
peal. Affirmed.

*Toohy & Hoffeins,* for plaintiffs.

*Samuel D. Coburn,* for defendant.

CARR, J. The declaration filed in circuit court by
the plaintiffs in this cause alleged that on June 11,
1947, they received from defendant a purchase order
for 1,000 tons of steel at $105 per ton, that 24 tons
of steel were delivered and paid for by defendant,
and that defendant on July 18, 1947, undertook to
cancel the contract and refused to complete the
agreement. Plaintiffs claimed that because of such
refusal they sustained a loss of profits, amounting to
$15 per ton on 976 tons of steel, for which they
sought judgment.

Copy of the purchase order in question was at-
tached to the declaration. It purports to have been
signed on behalf of defendant by C. P. Meacham.
Defendant by answer denied Meacham's authority
to execute said order. The answer further alleged
that the 24 tons of steel received by defendant from

the plaintiffs was not a part of any order for a larger amount executed by him, and that such material was purchased to enable defendant to determine the amount of waste that would result from cutting the sheets of steel in a certain manner. Defendant further averred that at the time he made such purchase he had no knowledge that plaintiffs had in their possession an order purporting to be signed in his behalf by Meacham, and that he was not advised of the existence of such order until July 18, 1947. An affidavit was filed in support of the answer, denying the execution of the purchase order on which plaintiffs' alleged cause of action was based.

On the trial of the case the principal witness in plaintiffs' behalf was one Alfred G. Perry who was an employee of the plaintiffs at the time of the transaction in question. He testified, in substance, that the purchase order dated June 11, 1947, was prepared in defendant's office and that it was signed by Meacham at the express direction of the defendant. The form used was one customarily employed by the plaintiffs, and the testimony indicates that they had in their office a supply of such blanks. Perry further claimed that in conversations with defendant over the telephone the latter had made statements indicating that Meacham was acting in his behalf.

Defendant, testifying as a witness in his own behalf, denied that Meacham was in his employ or that he had given to him any authority to execute orders for the purchase of material. He specifically denied that he had directed Meacham to sign the order here in question, or that he was present at the time of the transaction. He further claimed that, as alleged in his answer filed in the case, he did not know of the existence of such order until after he purchased, for experimental purposes, the 24 tons before mentioned, and that on the 18th of July he was advised by Perry in the course of a telephone

conversation that such order had been signed by Meacham. Defendant claimed that Perry, on being advised of Meacham's lack of authority, requested defendant to write a letter cancelling the order, with which request defendant complied on the same date.

Defendant's claim that Meacham was not his employee is corroborated by the testimony of other witnesses in the case. Plaintiff Johnson stated that Meacham was a steel broker, and other proofs indicate that he had at various times been paid by defendant in connection with business transactions, but not as an employee. It is a fair inference that Meacham was interested in bringing about sales of steel and other materials for the purpose of earning commissions.

After listening to the proofs of the parties, the trial judge came to the conclusion that the facts in the case were substantially as claimed by defendant, and that plaintiffs had failed to show that Meacham had authority to execute the purchase order. Judgment was accordingly entered for defendant. A motion for a new trial was subsequently made and denied. On appeal plaintiffs ask that the judgment be vacated and that this Court direct the entering of a judgment for them in the amount claimed, or, in the alternative, order a new trial.

Under the testimony in the case, whether defendant authorized Meacham to sign the order in question, as claimed by plaintiffs, thereby expressly holding him out as having authority to do so, was a disputed issue of fact. There is nothing in the record to justify a conclusion that any general agency existed. In the final analysis the determination of the question before the trial judge depended on the weight to be given to the testimony of the witnesses, particularly Perry and the defendant. The rule of practice is definitely established in this State that in law actions tried before the judge without a jury this

Court does not reverse the judgment entered unless the evidence clearly preponderates in the opposite direction. *Brackins* v. *Olympia, Inc.,* 316 Mich 275 (168 ALR 890); *Davis* v. *Randall,* 322 Mich 195; *Shaver* v. *Associated Truck Lines,* 322 Mich 323. The trial judge had the advantage of seeing the witnesses in court and of hearing their testimony. On the record before us we conclude that his finding on the controlling fact in issue should not be disturbed. If defendant was, as claimed by the plaintiffs, present at the time the order was executed, there is no apparent reason for his delegating Meacham to sign it in his behalf.

Plaintiffs' argument that the letter of cancellation dated July 18, 1947, was an unequivocal recognition of the existence of the contract is subject to similar considerations. As noted, defendant testified that he wrote the letter at the request of Perry, after advising him that Meacham had no authority in the premises. The trial court accepted defendant's explanation and his action in so doing was consistent with the prior conclusion that there was no agency relationship between defendant and Meacham. Likewise the claim that defendant ratified the act of Meacham by accepting the 24 tons of steel, for which he paid plaintiffs, is without merit.

The judgment is affirmed, with costs to defendant.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.