SPALDING v. PEDERSON.

1. Appeal and Error—Questions Reviewable—Automobiles—Gross Negligence.

Action for death of plaintiff's decedent is treated as though gross negligence or wilful and wanton misconduct had been properly pleaded and raised, where appeal is brought on claim that judge, who tried the case without a jury, erred in finding defendant driver was guilty of negligence but not of gross negligence or wanton and wilful misconduct (PA 1949, No 300, § 401).

2. Automobiles—Gross Negligence—Burden of Proof—Speed—Curves—Protests of Passengers—Intoxicating Liquors.

The trial judge's finding in nonjury case that plaintiff administratrix had failed to sustain her burden of proof that defendant motorist, host to plaintiff's decedent, was guilty of gross negligence or wilful and wanton misconduct is not disturbed, notwithstanding there was evidence that defendant had been drinking before starting on the trip, that upon re-entering car after visit to tavern where defendant and 2 others each drank 2 bottles of beer all 4 in the party sat in the front seat, there was no evidence of negligence or fault to be found in his driving until shortly before approaching a curve at 60 to 70 miles an hour, that notwithstanding vehement protests on part of at least 2 passengers, he increased his speed, car left road while he was adjusting windshield visor, skidded for 276 feet before returning to road, then proceeded diagonally across highway 54 feet until it hit the rear end of an oncoming truck, skidded 54 feet

References for Points in Headnotes

[2] 3 Am Jur, Appeal and Error § 896; 5 Am Jur, Automobiles § 241.

[2] What amounts to gross negligence, recklessness, or the like, within statutes limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198; 86 ALR 1145; 96 ALR 1479.

more on the left shoulder of the road, and then rolled 99 feet before coming to rest, throwing the 3 passengers out of the car and decedent some 77 feet, since the evidence does not preponderate in the opposite direction (PA 1949, No 300, § 400).

3. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—PREPONDERANCE OF EVIDENCE.

The Supreme Court does not reverse the findings of fact by a trial judge sitting without a jury unless the evidence clearly preponderates in the opposite direction.

Appeal from Oceana; Pugsley (Earl C.), J. Submitted October 15, 1952. (Docket No. 33, Calendar No. 45,592.) Decided December 9, 1952.

Case by Willow Dean Spalding, administratrix of the estate of Robert Davis Spalding, deceased, against Ben Pederson for damages for death of decedent while guest passenger in defendant's automobile. Judgment for defendant. Plaintiff appeals. Affirmed.

*Edward E. Barthell, Jr.* (*Eugene Christman,* of counsel), for plaintiff.

*Raymond J. Engle* (*Albert J. Engel, Jr.,* of counsel), for defendant.

BUTZEL, J. Plaintiff, Willow Dean Spalding, administratrix of the estate of Robert Davis Spalding, deceased, brought this action against defendant Ben Pederson, alleging that plaintiff's decedent, while a guest passenger, met his death through injuries resulting from defendant's operation of an automobile. The case was tried and decided by the lower court upon the question of whether or not defendant was guilty of gross negligence or wilful and wanton misconduct. In his decision, the judge said:

"Both sides are agreed to entitle the plaintiff to recover, it is necessary something more than ordinary negligence must have been established by the proofs. In other words, CL 1948, § 256.29,* must have been complied with.

"The same provides:

" 'Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.' "

This appeal is brought on the claim that the judge erred in finding that defendant was guilty of negligence but not of gross negligence or wanton and wilful misconduct. We shall, therefore, treat this case as though gross negligence or wanton and wilful misconduct had been properly pleaded and raised.

On September 2, 1950, at Pentwater, Michigan, defendant while driving his comparatively new Ford car invited 2 friends to take a ride. They sat in the front seat with him. As the car was about to start, plaintiff's decedent came out of a house in the immediate vicinity and joined the others, taking a seat in the rear of the car. There is testimony to the effect that defendant had been drinking earlier, as evidenced by the odor of alcohol on his breath and also his talkativeness, he being usually very reticent, but talkative when stimulated by alcohol. However, he exhibited no recklessness in driving to a tavern,

---

* This accident occurred after the effective date of PA 1949, No 300, § 401 (CL 1948, § 257.401 [Stat Ann 1952 Rev § 9.2101]), which reenacted the language quoted.—REPORTER.

where the 4 young men played a couple of games of shuffleboard. Three of them, including defendant, each drank 2 bottles of beer. Upon re-entering the car all 4 sat on the front seat, defendant doing the driving. The car proceeded northward and then westward on gravel roads with nothing of an unusual nature happening before the car arrived at the intersection of US–31, a through highway running almost due west from Ludington to Pentwater. Testimony indicates that defendant almost stopped the car and shifted into second gear before entering the highway, but immediately thereafter accelerated his speed. One of the witnesses stated that he looked at the speedometer and that the defendant was proceeding at 70 miles per hour. Another stated that he thought the car was going between 60 and 65 miles an hour. Testimony shows that as they neared a curve in the road one of the passengers in a loud voice asked the defendant to slow down, while another warned him to "slow this damn thing down; you are never going to make this curve." Defendant made no reply, did not apply the brakes but instead increased the speed and just prior to reaching the curve attempted to pull down the windshield visor because of the sunlight and while so doing drove off the road. The car skidded for a distance of 276 feet before defendant was able to get it back onto the road, where it proceeded diagonally across the highway 54 feet until it hit the rear end of an oncoming truck. The car then ran onto the left shoulder of the road, skidded 57 feet and began rolling until it came to rest another 99 feet to the southwest. The 3 guest passengers were thrown out of the car, plaintiff's decedent being thrown some 77 feet and suffering fatal injuries. Defendant, protected by the steering wheel, was able to keep his seat.

In *Bobich* v. *Rogers,* 258 Mich 343, we held that we could not draw a line beyond which mere speed in

making a turn departs from negligence and becomes
wilful and wanton misconduct, but conceding that a
defendant was negligent in making a turn at high
speed it would not constitute wilful and wanton mis-
conduct. To like effect see *Holmes* v. *Wesler,* 274
Mich 655, where in holding that a judgment *non
obstante veredicto* for the defendant was affirmed,
we said:

"It may be conceded that defendant was driving
his car carelessly and that this regrettable accident
would not have occurred had defendant not careless-
ly driven his automobile off the right-hand side of the
pavement; but in doing so he was guilty only of ordi-
nary negligence, not gross negligence, or wilful or
wanton misconduct. When the car was returned to
the paved portion of the highway, it was wholly out
of defendant's control, and the accident was then un-
avoidable. It was caused by ordinary negligence,
nothing more."

Plaintiff, however, calls our attention to the more
recent cases of *Kocks* v. *Collins,* 330 Mich 423; *Cain*
v. *Enyon,* 331 Mich 81; and particularly *Price* v.
*Western,* 330 Mich 680, where we held that any for-
mer cases to the contrary were overruled. *Price* v.
*Western, supra,* was a case with somewhat dissimi-
lar facts, but we held that driving at speeds of 70
miles an hour while intoxicated and against the con-
tinued protest of a guest passenger constituted a
question for the jury as to whether the defendant
was guilty of gross negligence. In the instant case
plaintiff drove over the gravel road without an un-
toward incident, and his reaching for the sun visor
in order to pull it down just prior to the car leaving
the road was an act that a normal person in full
possession of his faculties might do for the protec-
tion of himself and his guests. The trial judge com-
mented upon the entire absence of negligence or
fault on the part of defendant's driving prior to the

time he entered upon the short strip of pavement upon which he drove immediately prior to the accident and it was not until after he had driven the better part of the 4/10 of a mile and was approaching the curve that any requests were made to him regarding his speed. The judge also stated that he had reviewed the many decisions of this Court where gross negligence or wilful and wanton misconduct had been discussed. He stated that the burden of proof was upon the plaintiff to establish the same by the preponderance of the evidence and that there was a failure of such proof in the opinion of the court, and a judgment of no cause of action was entered accordingly. In all cases, including those favorable to plaintiff's contention, we have held that at most a question of fact was presented for the determination of the jury, the trier of facts. The judge acted without a jury, and as such, was trier of facts. On appeal in cases heard by the trial judge without a jury, the Supreme Court does not reverse unless the evidence clearly preponderates in the opposite direction. *Davis* v. *Randall,* 322 Mich 195; *Shaver* v. *Associated Truck Lines,* 322 Mich 323; *Taskey* v. *Paquette,* 324 Mich 143; *Winslow* v. *Veterans of Foreign Wars National Home,* 328 Mich 488. The evidence in the instant case does not preponderate in the opposite direction.

Judgment affirmed, with costs to defendant.

Adams, C. J., and Dethmers, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.