## MOLLER *v.* SIRHAL.

1. APPEAL AND ERROR—NONJURY LAW CASE—PREPONDERANCE OF EVIDENCE.

   A nonjury law case will not be reversed by the Supreme Court unless the evidence clearly preponderates in the direction opposite to the findings and conclusions of the trial court.

2. SAME—NONJURY CASE—PREPONDERANCE OF EVIDENCE—BUILDING CONTRACT.

   Finding of trial court in nonjury law case that oral building contract had been modified or changed during construction to cover cost of price of labor and materials plus 10%, including extras, is not disturbed on appeal, where evidence does not clearly preponderate in the opposite direction.

3. SAME—BUILDING CONTRACT—EXTRAS—EVIDENCE.

   Findings of trial court in nonjury law case as to various items plaintiff claimed as extras under oral building contract are affirmed insofar as supported by testimony, but reversed as to those items which were not supported by any evidence or as to those where the evidence clearly preponderated to the contrary.

4. BUILDINGS—CONTRACT—GUARANTEED PRICE—EXTRAS.

   A building contractor who had guaranteed defendants as to the cost of an item of construction under a cost plus 10% contract may not properly claim an increase of cost as an extra nor make an additional charge because of higher cost of items that had to be purchased locally.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur, Appeal and Error § 900.
[3] 3 Am Jur, Appeal and Error § 899.
[4] See, generally, 9 Am Jur, Building and Construction Contracts § 20.
[6] 3 Am Jur, Appeal and Error § 770 *et seq.*
[7] 14 Am Jur, Costs § 98.

5. Same—Defects—Evidence.

Claim of defendant that trial court erred in excluding testimony as to defective construction and defects in the roof *held*, not supported in contractor's action of assumpsit for balance due for work done and materials furnished in building a residence.

6. Appeal and Error—Questions Reviewable—Statement of Questions Involved—Briefs.

Only such questions as are argued in appellants' brief are considered, notwithstanding others are mentioned in the statement of questions involved and relied on for reversal (Court Rule No 67 [1945]).

7. Costs—Each Party Prevailing Only in Part.

No costs are allowed on appeal in an action of assumpsit for work done and materials furnished in building a residence, where each party has prevailed only in part.

Appeal from Jackson; Simpson (John), J. Submitted April 7, 1955. (Docket No. 49, Calendar No. 46,351.) Decided June 6, 1955.

Assumpsit by Arthur C. Moller, Jr., doing business as A. C. Moller Construction Company, against Alfred M. Sirhal and Catherine D. Sirhal for sums due under oral building contract. Judgment for plaintiff. Defendants appeal. Affirmed in part and remanded for entry of judgment.

*McKone, Badgley, Domke & Kline,* for plaintiff.

*Julius Levin* and *Kleinstiver & Anderson,* for defendants.

Boyles, J. Plaintiff, a building contractor, sued the defendants for the balance claimed to be due for work done and materials furnished in building a residence for the defendants at Clark lake in Jackson county. The case was heard by the circuit judge without a jury, resulting in a judgment for plaintiff for $5,733.40 from which the defendants appeal.

The agreement between the parties was oral, and includes changes made by the parties during the course of construction. An oral contract was originally entered into by defendants with a partnership of which the plaintiff was a member, later assumed by the plaintiff after the partnership was dissolved. The dispute between the parties involves issues of fact.

There was no written contract. In 1950 the defendants negotiated with the copartnership for the construction of a dwelling house. Most of their discussions were had with a Mr. Bilsborrow, one of the partners, and with Mr. Holmes, an employee. Some preliminary sketches and plans were prepared, the number of which is in dispute. A schedule was also prepared as to the material and work to be subcontracted with others. Later in 1950 defendants notified the partnership that it should commence work upon the dwelling. The preliminary price agreed upon was to be the cost of labor and materials plus 10%, with a guarantee that in no event would the cost exceed $20,695. It was agreed that defendants would contract separately for certain items, at their own expense.

After work was commenced defendants from time to time requested changes to be made from the planned construction that had been agreed upon in their prior discussions. It was agreed that plaintiff should be paid additionally for the "extras" which were to be added to the original plans. Monthly bills were sent to defendants and payments were made by them from time to time, to the amount of $23,000. Plaintiff rendered a final statement to defendants in which he claimed a balance due him of $5,733.40. In arriving at this figure he totaled the cost of labor and materials furnished by him including the "extras," added 10%, and deducted the payments

made by defendants together with certain other credits to which they were entitled.

This appeal involves questions as to what was the agreement between the parties, on which the parties do not agree or as to which they draw different conclusions; and also involves a dispute as to what are, or are not, "extras." Where a law case has been tried by the court without a jury this Court has repeatedly said that we do not reverse unless the evidence clearly preponderates in the direction opposite to the findings and conclusions of the trial court. *Levenburg* v. *Merrill Lynch, Pierce, Fenner & Beane*, 334 Mich 508; *Spalding* v. *Pederson*, 335 Mich 276; *Ebert* v. *Prudential Insurance Company of America*, 338 Mich 320; *Hamilton* v. *Weber*, 339 Mich 31; *In re Linstead Estate*, 340 Mich 653. The trial court did not agree with the defendants' contention that the over-all cost of the construction was not to exceed $20,695, which was the original understanding of the parties. The court held that the defendants were to pay for the additional "extras," on the "cost plus 10%" basis. The plaintiff claims that he provided extra labor and materials as requested by the defendants and that the entire labor and material cost of construction plus 10% was $28,923.47.

We agree with the trial court in finding as a matter of fact that the original contract entered into had been modified or changed during construction, to cover cost price of labor and materials plus 10%, including "extras." The court said:

"The court determines that this place was built practically from day to day according to the changes and ideas of the defendants. In other words, exhibit 3* would have been all right had there been no alterations or changes in the same. But the plaintiffs claim that it was to be labor and material plus

---

* The schedule of labor and materials prepared by plaintiff which called for a guaranteed contract price not to exceed $20,695.

10%, and the court finds that this apparently was the understanding of the parties because in the defendants' answer they state, 'cost plus 10%.' "

· The evidence does not clearly preponderate in the opposite direction.

Plaintiff's schedule B attached to his amended declaration itemizes the "extras" which plaintiff claims he furnished. Defendants admit liability for some of them, but for others they claim that plaintiff was obligated to furnish them under the original maximum. This dispute requires a determination as to what items were originally to be included in the building when the contract was made. The testimony was conflicting. An examination of the record shows that there is evidence to support the finding of the trial court with respect to most of the items which plaintiff claims were "extras;" however, certain items were not supported by any evidence, or the evidence clearly preponderated to the contrary.

Plaintiff claimed $26.68 for temporary electrical service, but concedes that the electrical work had been subcontracted, whereby the subcontractor was required to furnish this service. Hence, this could not be considered as an "extra." The interior painting and finishing was to be done by a subcontractor. Plaintiff claimed $175 for "sanding of interior woodwork" for the painting, although this was part of a subcontract, and should not have been included by the plaintiff as an "extra." The same applies to the $18.75 charged for removal of the septic tank, contracted as part of a plumber's job. Plaintiff charged $110 for "flooring cost more than figured," because the price of flooring increased after the job was started. Plaintiff, having guaranteed defendants the cost of flooring, should not charge an increase as an "extra." Also, plaintiff charged $138.54 for "extra cost on lumber purchased locally." Defendants

should not be charged extra because certain items of lumber had to be purchased locally by the plaintiff. The same reasoning applies to $16.80 claimed for "cedar lining figured at 2.25 per M cost 2.40 per M"— $23 for "sanding of base shoe and trim," and $295.22 for "extra costs of tearing down." As to these items, plaintiff is precluded by the agreement. These items may not be claimed as "extras," there being no evidence in the record which will support the finding of the trial court that they were such. As originally planned, the house was to have rear cedar siding, for which plaintiff claims $351.60, but which was included in the guaranteed maximum construction price. Defendants purchased stone, which would have reduced the contract price by the amount of $351.60, and they should have been given credit for it. Plaintiff's agent agreed there would be no charge for unloading the stone. This testimony was not rebutted, and credit should be given defendants for $147.25, the amount charged.

We must conclude that the trial court erred in considering the above items as "extras" to be paid for as such by the defendants. The evidence clearly preponderates to the contrary. They should have been figured in the guaranteed maximum for which the defendants were liable. These items, enumerated herein, amount to $1,302.84. The judgment in the amount of $5,733.40 entered for the plaintiff should be reduced by the total of the above amounts, $1,302.84, and judgment for $4,430.56 entered accordingly.

Finally, defendants claim that the trial court "erred in excluding testimony as to defective construction and defects in the roof." The record does not support the claim. The court properly struck out the attempt by the defendants to introduce hearsay or opinion testimony, but allowed the only other

testimony on that question offered by the defendants, which was:

"*Q.* What is the fact, that the roof has been leaking more or less continuously?
"*A.* It has been leaking badly. We have had it repaired on several occasions."

No other proof was offered by the defendants as to defects in the roof. There is no merit in this claim of error.

In appellants' brief, in the statement of questions involved, 10 questions are stated and relied on for reversal. Only 4 questions are argued in the brief, and the topical subheadings do not conform to the statement of questions involved. No others will be considered. Court Rule No 67 (1945); *Reed* v. *Secretary of State,* 327 Mich 108; *Grimshaw* v. *Aske,* 332 Mich 146.

The judgment is set aside and the case remanded for entry of judgment for $4,430.56 for plaintiff. No costs, each party having prevailed only in part.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.